## KEOKUK COUNTY v. HOWARD ET AL.

1. **Referee: DISCRETION: ACCOUNT.** The method of determining the correctness of an account involved in a controversy which has been submitted to a referee, rests within his discretion.

2. ————: **PLEADING: AMENDMENT.** Pending a trial before a referee, the defendant filed a counter-claim, which the plaintiff moved to strike out on the ground that it had been filed without leave of the referee; at the same time the plaintiff filed a replication to the amended answer: *Held,* that the filing of the replication waived the objection that the amendment was filed without leave.

3. ————: **REPORT: INTEREST.** The report of a referee that one of the parties is entitled to a certain sum implies that he is not entitled to interest thereon.

### *Appeal from Keokuk Circuit Court.*

#### FRIDAY, JUNE 9.

ACTION on an official bond executed by defendant Howard, upon assuming the duties of treasurer of Keokuk county. His co-defendants executed the bond as sureties. The cause was sent to a referee, and, upon the coming in of his report, judgment was rendered thereon for defendant. Both parties appeal. The facts of the case, so far as they are involved in the points ruled, appear in the opinion.

*Mackey & Donnell,* for Plaintiff.

*E. S. Sampson* and *Woodin & McJunkin,* for defendants.

BECK, J.—The points made upon plaintiff's appeal will be first considered.

I. Upon the filing of the referee's report, the plaintiff moved the court to send the case back for á trial, on the grounds that only a partial examination had been made of the accounts of the treasurer, wherein the deficiency and arrearage were claimed to exist for which the suit was brought; that the report is contrary to law, and that the referee abused his discretion in refusing to examine cer-

*1. REFEREE: discretion: account.*

tain delinquent tax duplicates offered in answer. The objections are all based upon the action of the referee in one matter, namely, his refusal to require the defendant to account for all the taxes appearing upon the delinquent tax duplicate offered in evidence.

The referee proceeded to determine the state of the accounts in a different way, so far as the amounts received by defendant were concerned. He commenced with a statement of the amount in the hands of the treasurer at a certain date. The correctness of the statement is not brought in question. The charges against the treasurer were then established by his journal, the correctness of which the referee stated in his report he determined upon the evidence. If this journal was correct, it would show the same receipts of money that would appear by the delinquent tax list and evidence showing the amounts collected thereon. The evidence before the referee showed the journal correct. The referee was not required to pursue both plans of examining the account. He arrived at a correct result by the plan adopted. Nothing further was required.

II. The defendant filed a counter claim with the clerk of the court pending the trial before the referee. At or about the same time the plaintiff filed a motion to strike out this amendment, on the ground that it had been filed without leave of the referee. On the same day plaintiff filed a replication to the amended answer. No action was had on the motion before the referee; it was brought to the attention of the court and overruled. The motion should have been presented to and passed upon by the referee. Code, § 2830. Having answered the pleading, the plaintiff waived the objection that it was filed without leave.

III. The plaintiff insists that the report of the referee is not sufficient, because it fails to present conclusions of fact and of law. The report shows as a fact defendant, Howard, accounted to plaintiff for a sum exceeding by $762.80, money then in his hands belonging to plaintiff. As a matter of law he found defendant should recover that sum. These conclusions sufficiently justify the report and judgment recorded

therein in favor of defendant. If there were other questions of law or fact in the case, they are not presented in the abstract before us. The evidence and rulings of the referee are in no manner preserved and presented to us for review.

IV. The defendant's appeal is based upon the single objection, namely: the judgment rendered by the court does not provide for interest upon the amount found due the defendant, from the date the claim accrued against the county. This judgment is correct for at least two reasons. 1. Plaintiff's counter claim does not ask judgment for interest. 2. The report of the referee does not show a finding that defendant is entitled to interest; on the contrary, the finding is to the effect that plaintiff is entitled to recover $762.80 without interest, because that sum is mentioned as the amount due defendant. We are required to presume that the referee determined the question of interest upon the evidence before him, from which he correctly found that defendant was not entitled to interest on his claim.

3. ——: report: interest.

No other questions are presented by either appeal; the judgment is affirmed on both.

AFFIRMED.

SEEVERS, CH. J., having been of counsel for plaintiff, took no part in the decision of this cause.