CALLENDER v. DRABELLE.

1. **Evidence**: PAROL TO EXPLAIN INTEREST IN ASSIGNED JUDGMENT. Parol evidence is admissible to show that the assignment of a judgment, absolute in form, was intended only as collateral security.

2. **Judgment**: AMOUNT NOT WARRANTED BY EVIDENCE. Conceding that defendant was entitled to a judgment on his counter-claim, the amount recovered by him is in excess of the highest sum warranted by the evidence, and for that reason the judgment is reversed.

*Appeal from Des Moines District Court*—HON. CHAS. H. PHELPS, Judge.

TUESDAY, DECEMBER 6.

ACTION upon a promissory note. The cause was tried without a jury, and judgment was rendered for defendant upon a counter-claim pleaded by him. Plaintiff now appeals.

*Kelley & Cooper*, for appellant.

*C. L. Poor*, for appellee.

BECK, J.—I. The defendant in his answer admits the

execution of the note, but, as showing payment thereof. which he alleges, and as a counter-claim, he avers that in February, 1879, he was owner of a judgment against one Switzer for $290, which he assigned to one Lee to secure an indebtedness of defendant to him. The answer proceeds to state the defense pleaded therein in the following language, as set out in defendant's abstract: "About the date of the note in suit, and for the purpose of securing its payment, defendant gave plaintiff an order on Lee to be paid out of the proceeds of said judgment when the same should be collected, and Lee's claim satisfied; plaintiff well knowing that said judgment was assigned to said Lee only as security for said debt, and it was ample to secure both of said claims; that on or about the 2d day of February, 1883, plaintiff paid to said Lee the full amount of this defendant's debt to him, being one hundred and sixty-one dollars and sixty-five cents ($161.65); that said Lee then assigned said judgment to plaintiff; that on or about the 2d day of March, 1883, plaintiff collected the entire balance of said judgment, being two hundred and eighty-seven dollars and five cents ($287.05), which not only paid the debts owing by defendant to Lee and the plaintiff, and discharged their liens on and interests in said judgment, but left a balance in the hands of plaintiff belonging to defendant of fifty-five dollars ($55), which is defendant's property, which plaintiff neglects and refuses to pay." The evidence shows that the Switzer judgment was rendered January 8, 1879, and drew interest at 10 per centum per annum, and that the note sued on was for $52.70 with 10 per centum interest and attorney's fees. It was executed May 28, 1879.

II. The defendant introduced evidence tending to show declarations or admissions of Lee, who at the time of the trial was dead, tending to show that he held the judgment under the assignment to him as collateral security for the sum owed to him by defendant. The evidence was objected to on the ground that it was not competent under Code, §

3639, being a personal transaction with a deceased person, contemplated by that section. The evidence was admitted subject to decision upon the objection afterwards. The abstracts do not clearly show the rulings upon the objections, and it is not affirmatively shown that the evidence was considered in the decision of the case. We find it unnecessary to determine the question of the competency of the evidence, for the reason that our conclusions are based upon matters not affected by this evidence.

III. The defendant insists that parol evidence was not competent to show that the assignment of the judgment to Lee, which was absolute in form, was intended as collateral security. But it is always competent to show by parol the precise interest which a person holds in property to which he has the absolute paper title. A deed may be shown by parol to be intended as a mortgage.

*1. EVIDENCE: parol to explain interest in assigned judgment.*

IV. It may be assumed, without so deciding, that the evidence establishes that the judgment was held by Lee as collateral security. It is shown that it was assigned by Lee to plaintiff, who paid $161.65 for it. He afterwards collected on the judgment $287.05, less attorney's fees, which probably could not have been less than $25. The evidence authorizes the conclusion that the sum paid by the plaintiff for the judgment was the sum which defendant owed Lee. Now, if it be in a like manner assumed that the difference in these sums, $100.40, should be accounted for to defendant, it appears beyond a doubt that the judgment of the district court is largely excessive, and is for such excess wholly without the support of any evidence. Defendant received the money March 7, 1883; the judgment in this case was entered February 25, 1887. Interest added to the excess would swell it to about $124. Defendant's note with interest at the date of the judgment amounted to not less than $98, leaving due defendant $26, instead of $64.65, as determined by the judgment

*2. JUDGMENT: amount not warranted by evidence.*

of the district court. This conclusion is based upon facts which are established by the evidence beyond dispute, except the amount paid by plaintiff to the attorney who recovered the judgment in question. It is shown that these fees were deducted from the sum collected on the judgment, $287. The attorneys held a lien therefor, and had authority to deduct their fees from the sum collected by them. The burden was on defendant to show the amount due from plaintiff which he was seeking to recover, and he was required to show the amount of money held by plaintiff to which he was entitled. He was required to make proof of all facts necessary to be considered in order to determine the amount which he was entitled to recover.

We determine no question in this case except that, if defendant be entitled to recover at all, the judgment is excessive, and for that reason it should be

REVERSED.