CHRISTINA SMOLEY, Appellee, v. RALPH SMOLEY et al., Appellants.

ASSIGNMENTS: Collateral Security—Effect. An assignment by a debtor to his creditor of the debtor's expectancy in an estate, as collateral security to the debt, with a proviso that, if the debtor does not pay within a stated time, the assignment shall operate as a "full receipt" against said expectancy, simply extends to the creditor an option to so treat the proviso. The creditor may ignore the proviso and maintain an action on his claim.

Headnote 1:   5 C. J. p. 957.

*Appeal from Iowa District Court.*—RALPH OTTO, Judge.

APRIL 5, 1927.

Action on a promissory note. From a judgment on a directed verdict for plaintiff the defendants appeal.—*Affirmed.*

*Wallace & Claypool,* for appellants.

*Hatter & Harned,* for appellee.

VERMILION, J.—The action is upon a promissory note for $500, signed by the appellants, dated June 18, 1922, and due six months after date. The defense presented was based on the following written instrument:

"Assignment of expectancy in estate as collateral security.

"In consideration of an advancement in the sum of $500 in hand paid by Christine Smoley, receipt of which amount is

hereby acknowledged, I, Ralph Smoley the undersigned, hereby sell, assign and transfer unto the said Christine Smoley all my claim or interest in the expectancy of the estate of my father, John Smoley, which I may acquire as heir at law, devisee or legatee of my said father. The condition of said assignment being as follows:

"Whereas, the said Christine Smoley, having extended a loan of $500 to the said Ralph Smoley, the said loan being represented by promissory note of the said Ralph Smoley and his wife, Rose Smoley, and the said makers being desirous of securing the payment of said note, the said Ralph Smoley executes this assignment and consents that, should he default in payment of said note and the same shall remain unpaid three years after its date, then this assignment shall operate as a full and complete receipt against any interest or expectancy that I may have in my father's estate and conditioned further:

"That in default the holder of the said described note is to deliver the same without demand to the said Ralph Smoley.

"It is further conditioned that should the said Ralph Smoley redeem said note, together with interest due thereon, during the three-year period hereinbefore stated, then in that event this assignment shall become null and void and without force and effect.

"In witness whereof, we have affixed our signatures this 18th day of January, 1922.

> "Ralph Smoley
> "Rose Smoley"

The answer alleged that this instrument was executed as a part of the same transaction as the giving of the note; that the note was executed and the money for which it was given was furnished by plaintiff to the defendant on the conditions set forth in the instrument; that more than three years had elapsed since the date and the maturity of the note, and, under the terms of such instrument, defendants were entitled to have the note surrendered to them, and plaintiff was estopped from demanding judgment thereon.

The only error assigned is on the ruling sustaining the motion for a directed verdict.

The assignment expressly provides that it is given as se-

curity for the payment of the note. The banker who prepared it testified on behalf of appellants that the appellant Ralph Smoley said he was getting a loan of $500 from the appellee, and wanted to give her some security; that the intent was to make a collateral agreement; and that nothing was said by the parties about the appellee's buying the expectancy of Ralph Smoley in his father's estate. This testimony is uncontradicted. Some of it was elicited on cross-examination, over objection by appellants; but error is not assigned on these rulings. Moreover, it is always competent to show that a conveyance or assignment absolute in form was intended as security only. *Callender v. Drabelle,* 73 Iowa 317; *Fort v. Colby,* 165 Iowa 95.

It is elementary that the holder of collateral security for a note is not, under the law, required to resort to such security, but may sue upon the note. Doubtless he might bind himself by contract to look only to the security.

The assignment here provided that, if the note should remain unpaid three years after its date, the assignment should operate as a full receipt against any interest which Ralph Smoley might have in his father's estate. The effect of this, in respect to collateral security, was to provide that the appellee might, after the time and under the circumstances specified, appropriate the security and apply it to the payment of the note, without sale or other proceedings. The further provision that in such case the note should be returned, required, in effect, merely that such application of the security should operate as a full payment of the note.

Much stress is laid by appellants upon the use of the words "in default," in stating the condition upon which the note should be returned. This expression, we think, clearly refers to a default in payment of which the holder avails herself to appropriate the security to the payment of the note, and not to the mere failure of the makers to pay it within three years.

We are unable to agree with the contention of appellants that, under the terms of the assignment, if the note remained unpaid at the expiration of three years, the appellee became the absolute owner of Ralph Smoley's expectancy in the estate of his father, and he was entitled to the return of the note.

Any doubt we might entertain from an examination of the language of the instrument alone is resolved in favor of the con-

struction we have given it, by a consideration of the uncontradicted evidence found in the record that the assignment was intended as security only, and that an absolute sale or transfer was never talked of by the parties.

This conclusion renders unnecessary any discussion of any other question presented in argument.

The judgment is—*Affirmed.*

EVANS, C. J., and STEVENS and FAVILLE, JJ., concur.