HORTON, Chief Judge.
This appeal is from a final decree which adjudicated that an agreement executed by the appellant to the appellee was an absolute assignment and good as to all sums due and to become due on certain contracts which the appellant had with a third party.
At the time of the making of the instrument in question, the appellant was indebted to the appellee in the sum of approximately $60,000, and at the same time was due approximately $50,000 from the third party. The consideration for the agreement, as recited therein, was the debt owed by the appellant to the appellee in the amount of some $60,000. The agreement contained the further provision:
“It is specifically understood that this assignment shall not operate to discharge all obligations of the party of the first part [Miami Station] to the party of the second part [Coplan Supply] but shall act to discharge only so much of the obligations as are actually satisfied by actual receipt of sums by the party of the second part.”
The appellant contended before the chancellor, as it does here, that the alleged instrument was in fact an assignment given to secure an indebtedness, notwithstanding that it appears to be absolute on its face. At the trial before the chancellor, it was established that the appellee was then claiming the sum of $31,000 due from the appellant, whereas some $98,000 was allegedly due from the third party to the appellant. The chancellor permitted the testimony of the president of the appellant corporation which in substance supported the appellant’s theory that the agreement was given *171 as security for a debt. Upon conclusion of the testimony of appellant’s president, the chancellor found that the assignment was absolute on its face and entered a decree in favor of the appellee. This appeal followed.
The testimony offered at the trial by the appellant’s president is without conflict and clearly indicates that the instrument executed by the appellant was given as security for an account or debt due by the appellant to the appellee. We think the chancellor was correct in admitting parol testimony to explain the circumstances surrounding the execution and delivery of the instrument and the intention of the parties in connection therewith. However, we differ with his conclusion as to the applicable rule of law. The very terms of the instrument indicate that the consideration for its execution was an indebtedness of some $60,000 due by the appellant to the appellee. Consistent with this position is the fact that the appellee, although insisting that the instrument was' an absolute assignment, nevertheless contends that the appellant was indebted to it in the amount of some $31,000 at the time of trial. It is likewise shown from the record that there was due the appellant from the third party some $98,000, a sum which the appellee sought to secure under the terms of its purported absolute assignment. Section 697.01, Fla. Stat., F.S.A., in part provides:
“All conveyances * * * or other instruments of writing conveying or selling property, either real or personal, for the purpose or with the intention of securing the payment of money, * * * shall be deemed and held mortgages, and shall be subj ect to the same * * * regulations, restraints and forms as are prescribed in relation to mortgages.”
This statute has been considered and construed by the appellate courts of this state in a number of cases. Marcus v. Hull, 142 Fla. 306, 195 So. 170; Torreyson v. Dutton, 145 Fla. 169, 198 So. 796; Thomas v. Thomas, Fla.1957, 96 So.2d 771; Erstling v. Trinity Wesleyan Methodist Church, Fla.App.1958, 100 So.2d 74. The statute has generally been accorded a liberal construction to the extent that in doubtful cases, the instrument has been considered a mortgage or as security for a debt. Other jurisdictions have likewise followed this rule 'of construction. See Allen v. Home National Bank, 120 Conn. 306, 180 A. 498; Smoley v. Smoley, 203 Iowa 685, 213 N.W. 229; Kaufman v. Blackman, Tex.Civ.App.1951, 239 S.W.2d 422; Hofmeister v. Hunter, 230 Wis. 81, 283 N.W. 330, 121 A.L.R. 444.
If the appellee relied upon the agreement as an absolute assignment, then its action against the appellant for a construction and enforcement of the agreement would appear to be inconsistent with that position, especially where no doubt as to the meaning of the instrument was alleged or shown to exist. This is so because the agreement contained provisions for the execution of releases by the appellee to the third party and was accepted and consented to in writing by the third party. Also, the funds under the agreement were payable directly to the appellee from the third party. The appellee’s complaint was grounded on the alleged failure or refusal of appellant to execute a final release to the third party so that the funds due from the third party could be paid over to the appellee. It was further alleged that such failure or refusal on the part of the appellant was a violation of the terms of the agreement. Although we have carefully examined the agreement, we fail to find within its terms an agreement by appellant to execute releases. An “irrevocable power” of attorney was granted the appellee by the terms of the agreement “to act for and in its stead * * * to demand, collect, receive and give acquit-tances for any and all amounts which are or will become payable to the party of the first part [Miami Station, Inc.] * * Absent an undertaking on the part of appellant to execute releases and in view of the “irrevocable power” of attorney vested in the appellee, there would appear to be *172 no factual or legal basis upon which to support such a charge.
'Concluding as we have that the chancellor erred in failing to apply the appropriate rule of law, it follows that the decree appealed should be reversed and the cause remanded for the entry of a decree not inconsistent with the views expressed herein.
Reversed and remanded with directions.
PEARSON and CARROLL, CHAS., JJ., concur.