**JAMES TALCOTT, INC., Appellant,**

v.

**Glenn D. WILCOX, Trustee in Bankruptcy for R. B. Leonard, Inc. and Leonard Window Corporation, Bankrupt, Appellees.**

**No. 19197.**

United States Court of Appeals
Fifth Circuit.

Sept. 25, 1962.

Rehearing Denied Nov. 19, 1962.

Herbert S. Shapiro, Shapiro & Fried, Miami Beach, Fla., for appellant.

Paul G. Hyman, Feibelman, Friedman, Hyman & Durant, Miami, Fla., for appellees.

Before JONES, WISDOM and GEWIN, Circuit Judges.

JONES, Circuit Judge.

Although the caption of this cause indicates there are two bankruptcy estates

involved, the record[1] and the briefs refer to the bankrupt in the singular and we shall do the same. In December of 1959, the bankrupt,[2] for whom the appellee is trustee, entered into a written factoring agreement with the appellant, James Talcott, Inc. The agreement provided for the assignment to the appellant by the bankrupt of accounts receivable owing to the bankrupt as collateral security for loans and advances to be made by the appellant to the bankrupt. The agreement, in form, was a letter from the bankrupt to the appellant. Included in it was this provision:

"You shall be entitled to hold all sums and all property of the undersigned, at any time to its credit or in your possession or upon or in which you may have a lien or security interest, as security for any and all obligations of the undersigned at any time owing to you and/or to any company which may now or hereafter be subsidiary, no matter how or when arising and whether under this or any agreement or otherwise, and including all obligations for purchases made by the undersigned from any other concern factored by you or such subsidiary."

The appellant also financed accounts receivable for Perrine Industries, Inc., Tucker Aluminum Products, Arnold Altex Aluminum, and Pan American Window Corporation. At the time of the bankruptcy the bankrupt was indebted on open account or unsecured notes to these concerns in amounts ranging from $536.82 to $36,319.57. These obligations of the bankrupt had been assigned as collateral to the appellant by the obligees to whom they were owed. The appellant held as security, under the agreement with the bankrupt, accounts receivable of the bankrupt assigned to the appellant, warehouse receipts evidencing property of the bankrupt, and chattel mortgages upon personal property of the bankrupt. The forms of the pledge or assignment of the warehouse receipts and of the chattel mortgages are not before us. A notice of the assignment by the bankrupt to the appellant of accounts receivable as authorized by Chapter 524, Florida Statutes, F.S.A. was filed in the office of the Secretary of State of the State of Florida. There was no such notice filed as to assignments from the bankrupt's creditors to the appellant. The appellant asserted in the bankruptcy proceeding that the assets of the bankrupt held by it were subject, not only to a lien to secure the direct obligations of the bankrupt to it, but also to a lien securing those obligations of the bankrupt which had been assigned to the appellant by other creditors of the bankrupt. The referee ruled against the appellant, the district court affirmed, and the question is brought before us on this appeal.

 Florida Statutes Chapter 524, F.S.A. was enacted, primarily, to provide for the protection in bankruptcy of the assignee of accounts receivable. M. M. Landy, Inc. v. Nicholas, 5th Cir. 1955, 221 F.2d 923, 53 A.L.R.2d 1385; Ribaudo v. Citizens National Bank, 5th Cir. 1958, 261 F.2d 929. It provides for the protection, upon the filing of the required notice, of the transfer of an account receivable owed to the assignor by an account debtor to secure an indebtedness of the assignor to the assignee. The protection afforded by the statute is of the assignment of accounts receivable owing by an account debtor of the assignor and of the "proceeds thereof in any form" of the assigned accounts receivable. The statute defines "proceeds in any form" as including "collateral security taken for the account." F.S.A. § 524.01(7) (c). The security held by the appellant was not collateral put up by account debtors to secure assigned accounts and hence it was not "protected" under and within the meaning of the statute. The assignment by Leonard's suppliers to the appellant of Leonard's obligations to them did not vest in the appellant any absolute owner-

1. The record was prepared under Rule 76, Fed.Rules Civ.Proc., 28 U.S.C.A.

2. The bankrupt, either one corporation or two, did business in Miami, Florida.

ship but was merely as security. Miami Station, Inc. v. Coplan Pipe & Supply Co., Fla.App., 128 So.2d 170; Howard v. Pensacola & A. R. Co., 24 Fla. 560, 5 So. 356.[3] The primary creditors of Leonard, as to these obligations, were the suppliers and it was as to them, not the appellant, that Leonard occupied the status of an "account debtor" within the meaning of Chapter 524.

■ Since Chapter 524, the Florida Accounts Receivable Act, does not protect the appellant, the claims asserted by it are voidable preferences under the doctrine of Benedict v. Ratner[4] unless protected in some other manner. The appellant can derive no benefit from the Florida Factor's Lien Act, Fla. Stat. §§ 85.29–85.35. It does not relate to any factual situation present in this case so far as our record shows. It is clear that the appellant does not have a lien upon the accounts receivable assigned to it by the bankrupt for any obligation other than the direct and primary indebtedness of the bankrupt to it. It may be that an agreement of pledge accompanied by delivery of the pledged property, or a chattel mortgage might be so drawn as to provide collateral for the potential obligations of the pledgor-mortgagor which might be the subject of an unprotected assignment as security for obligations not then incurred by its unnamed prospective creditors.[5] Whether or not such instruments might be so drawn, it does not appear that they were, and the so-called factoring agreement is inadequate for such purpose.

Error not being shown, the judgment of the district court is

Affirmed.

3. A different rule, of necessity, applies in the case of an assignment of an insurance contract by a policyholder. Travelers Insurance Co. v. Tallahassee Bank & Trust Co., Fla.App., 133 So.2d 463.

4. 268 U.S. 353, 45 S.Ct. 566, 69 L.Ed. 991. See 4 Collier on Bankruptcy 1597 Par. 70.77[2].

5. Cf. Hulsart v. Hooper, 5th Cir. 1960, 274 F.2d 403.