ANDREWS, Judge.
Walter A. Hoffman, Jr., as trustee in bankruptcy for Jean Charlassier, also known as John Charlassier, d/b/a Everglades Woodcraft, appeals a final summary judgment for defendant, Breakwater Housing Corporation, a Florida corporation.
The defendant, Breakwater Housing Corporation, was the general contractor for the construction of a high rise apartment building. Breakwater entered into a contract with Jean Charlassier, d/b/a Everglades Woodcraft, under a subcontract dated September 21, 1962, accepting a proposal of the same day to provide kitchen cabinets, vanity cabinets and similar items at a total contract price of $65,165.88. Included as a part of the contract were instructions to Breakwater to make all payments for sums due Everglades Woodcraft jointly to it and to Lawrence J. Paul.
Breakwater, Everglades and Paul agreed in writing on December 18, 1962, to change the previous instruction to provide a specific payment of $10,666.00 directly to Paul for sums due by Breakwater to Everglades for work done under the contract. The record discloses that Everglades Woodcraft was in financial difficulty, and all other checks made páyable on account of work completed by Everglades were made jointly to it and to its various suppliers.
On January 21, 1963, Breakwater notified Everglades that it was taking over *484 the completion of the contract because of the failure of Everglades to perform in accordance with its contract, and thereafter Breakwater dealt directly with the suppliers of Everglades and other suppliers and arranged for the completion of the work included in the contract to Everglades at a cost to it of approximately $1,110.00 more than the agreed contract price.
The plaintiff was declared bankrupt on March 3, 1963. Hoffman, as trustee in bankruptcy of Everglades, attempts to hold Breakwater liable for the payments which it made to creditors of Everglades, including Paul, for work done or material supplied to Breakwater as being in violation of the provisions of the Bankruptcy Act by giving preference to particular creditors of Everglades as against other creditors to which the bankrupt was obligated. The payments from Breakwater were in fact made within the four month period prior to the bankruptcy of Everglades and thus constituted fraudulent transfers as defined in the Bankruptcy Act, Title 11, U.S.C.A., Sec. 107. This is not seriously denied by Breakwater. However, we feel that the question of whether or not there was an improper preference or transfer is not significant as we believe that Breakwater is an improper party. Only a creditor of a bankrupt can be preferred and a bankruptcy trustee can recover only from a creditor who received the preference. The proper defendant in a suit to recover a preferential transfer is the party receiving the alleged preference or benefit, and even one who actively induced a bankrupt to prefer a creditor cannot be held personally liable for the transaction. Breakwater was neither a creditor of Everglades nor was it the receiver of a benefit by preferential transfer. Breakwater is not a proper defendant in this suit whereby the trustee seeks to avoid the transaction. Dodson v. Lumpkin, D.C.W.D. Pa.1962, 205 F.Supp. 352; Eyges v. Boylston National Bank, D.C.Mass.1923, 294 F. 286; 3 Collier, Bankruptcy § 60.58. Breakwater was obligated to make the payments and it should not be required to pay the same amounts twice. W. F. Pigg & Son v. United States, 10 Cir.1936, 81 F.2d 334, and Keenan Pipe & Supply Co. v. Shields, 9 Cir.1956, 241 F.2d 486.
 The trustee also attempts to set aside the payments made by Breakwater on the ground that notice of assignment of receivables as required by F.S.A. Chapter 524 was not filed. Said chapter establishes a system of perfecting assignment of accounts receivable. Said chapter has been upheld as being effective in creating a valid lien on accounts receivable in bankruptcy proceedings. Ribaudo v. Citizens National Bank of Orlando, 5 Cir.1958, 261 F.2d 929; James Talcott, Inc. v. Wilcox, 5 Cir.1962, 308 F.2d 546. However, said chapter would not apply to the factual situation here in that such a notice of assignment could not affect the rights of the defendant, Breakwater.[1] The notice required by F.S.A. Chapter 524 would have had to have been executed by the assignor, Everglades, and the assignee, Paul. Breakwater was the debtor whose account was being assigned and could not have his rights determined by the action or failure to act by Everglades or Paul. If Breakwater failed to pay Paul as instructed by Everglades, it could have been subjected to liability to Paul even though it had paid Everglades. George G. Tapper Company, Inc. v. Bank of Fort Walton, Fla.App.1960, 117 So.2d 8; 13 Am.Jur.2d, Building and Construction Contracts § 92.
 The appellee cross-assigns as error the court’s denial of appellee’s cost for the attendance of a court reporter at the hearing on the motion for summary judgment. The allowance of such cost was *485 within the discretion of the court and no abuse of discretion has been shown in denying appellee that cost.
Affirmed.
SMITH, C. J., and WALDEN, J., concur.

. The U. S. Court of Appeals, Fifth Circuit, in Miami National Bank v. Knudsen, 5 Cir. 1962, 300 F.2d 289, held that F.S.A. Chapter 524 was the only means of creating a valid lien on receivables.