Linda PADZENSKY, Appellee,

v.

David R. KINZENBAW, d/b/a D & D Hydroair, Inc., Defendant,

Tom Riley Law Firm, A Professional Corporation, Appellant,

and

Darold A. Solbrig, Intervenor.

No. 83–198.

Supreme Court of Iowa.

Jan. 18, 1984.

Tom Riley and Peter C. Riley of the Tom Riley Law Firm, Cedar Rapids, for appellant.

John R. Ehrhart, Cedar Rapids, for appellee.

Considered by UHLENHOPP, P.J., and McGIVERIN, LARSON, SCHULTZ and WOLLE, JJ.

SCHULTZ, Justice.

The question here is whether an assignment of a cash appearance bond was an absolute transfer or one intended to create a security interest. The district court held that the assignment, absolute on its face, was intended to create a security interest. It further ruled that a judgment lien creditor had priority over the assignee, under Iowa Code section 554.9301(1)(b) since the assignment was never perfected. We disagree and reverse.

The defendant, David R. Kinzenbaw, hired the Tom Riley Law Firm, P.C. (Riley) to represent him in a suit initiated by his landlord, Linda Padensky. Before this action was tried, Kinzenbaw also retained Riley to defend him on a murder charge. The civil suit went to trial first, and Padensky was awarded a money judgment for $8180. Unfortunately, she was unable to collect on it.

Kinzenbaw secured his release from jail on the murder charge by posting a cash appearance bond using $5000 of his own money and $15,000 cash from his uncle, Darrell Solbrig. On May 7, 1982, just before a debtor's examination by Padensky, Kinzenbaw executed a written assignment of the $20,000 bond to Riley. This assignment was promptly filed with the clerk of court. Following Kinzenbaw's conviction on a lesser offense, the court concluded he was no longer bailable. Kinzenbaw surrendered himself and exonerated the bond on August 18, 1982.

The next day, Padensky garnished the clerk of court for the bond proceeds. Kinzenbaw filed an answer to the garnishment proceedings asking the court to order payment of the bond money to Riley pursuant to the assignment. Riley and Solbrig intervened asserting their respective claims to the money.

After an evidentiary hearing, the court ruled that intervenor Solbrig was entitled to the $15,000 of the bond money deposited by him and that Padensky was entitled to the balance.

On appeal, Riley asserts Kinzenbaw's assignment to the law firm of his rights in the bond was an absolute transfer. Thus, he argues the trial court erred in finding an intent to create a security interest and applying the uniform commercial code to determine the priority of the competing claims to the bond proceeds. Padensky, on the other hand, claims Riley's intervention was improperly filed and the assignment is invalid because it was not supported by consideration. No appeal was taken from Solbrig's judgment for $15,000, and the validity of that award is not in question.

This action and appeal arose out of garnishment proceedings. Garnishment is merely a species of attachment. *Hubbard v. Des Moines Independent Community School*, 323 N.W.2d 238, 241 (Iowa 1982). Since it is an action at law, our review is at law rather than de novo, and the trial court's finding of fact is binding upon us if supported by substantial evidence. *Verschoor v. Miller*, 259 Iowa 170, 175, 143 N.W.2d 385, 388–89 (1966). Where an intervenor claims superiority to garnishment funds, he shoulders the burden to establish his priority to the funds. *Id.* We first dispose of the procedural issue and then address the parties' claims regarding the assignment.

I. Padensky sought to dismiss Riley's petition of intervention by a written motion filed about 30 minutes before trial. This motion challenged, among other things, the validity of the intervenors' petitions since they had not been verified as required by Iowa Code section 639.60. Upon receiving

the motion, Riley and Solbrig immediately verified and refiled their petitions. The matter proceeded to trial without a ruling or further objection. In its ruling on the merits, the trial court alluded to the motion and then summarily overruled it.

For the purposes of this appeal, we assume the petition required verification. At the time the court ruled on the motion, the petition had been verified by amendment. Nevertheless, Padensky claims the amendment was irregular and ineffective. Specifically, she contends under Iowa Rule of Civil Procedure 88, Riley was required to either get leave of court or her consent to amend, since he previously had amended his petition. We disagree with Padensky's contention that Riley's failure to secure consent voided his petition.

▇▇▇▇ The trial court could have properly granted leave to amend the petition since it is given wide discretion in this regard. Although Riley apparently never asked for leave to amend, his failure to obtain such leave was never before the trial court. In particular, Padensky never moved to strike nor objected to the petition containing the verification. Additionally, failure to secure leave of the court is, without more, an insufficient reason to disregard a pleading. *A.Y. McDonald Co. v. Morrison,* 211 Iowa 882, 887, 228 N.W. 878, 880 (1931). Consequently, the amendment was part of the pleadings to be considered by the court. *Dunham v. Dunham,* 189 Iowa 802, 811, 178 N.W. 551, 555 (1920); *see Keokuk v. Howard,* 43 Iowa 354, 355 (1876) (the irregularity of filing an amendment without leave of the court is cured by the opponent responding thereto). In sum the trial court properly considered the petition as amended and overruled the motion to dismiss.

II. Riley insists the trial court erred in finding that the assignment was intended to create a security interest. Instead, Riley claims the assignment was intended to be an unqualified and absolute transfer for payment of Kinzenbaw's legal fees. It also claims the trial court made this finding without any evidentiary support in the record and based its decision on a theory not advanced by either party but raised on its own. Finally, Riley maintains a written assignment, absolute and unqualified on its face, cannot be contradicted by parol evidence.

Padensky, on the other hand, first urges the assignment was invalid for lack of consideration. In this regard, she argues Riley's only claim to the bond is for attorney's fees and these fees were fully provided for in a separate written agreement in which Riley agreed to defend the civil and criminal cases in exchange for a transfer of Kinzenbaw's real estate. In sum, she contends this agreement comprehends the parties' entire fee arrangements, and since it is silent as to any additional cash to be paid, the subsequent assignment was without consideration. Padensky also challenges the parties' motives in making the transfer and specifically points to undue influence on Riley's part in securing the assignment. Lastly, in arguing the correctness of the district court's ruling, she takes the position that sufficient evidence supported the trial court's finding of fact. No issues have been raised concerning the necessity for or the manner of perfecting a security interest in an appearance bond.

▇▇ The trial court gave little credence to Padensky's theory concerning lack of consideration for the assignment. Neither do we. Kinzenbaw testified that his legal bill had not been paid in full. The fee contract providing for the transfer of real estate explicitly stated that upon sale of the real estate the proceeds would be applied to fees and expenses and the balance of the property or cash would be transferred back to Kinzenbaw. There is no provision that Riley is limited to the assignment of real estate as full payment of its fees and expenses. To the contrary, Kinzenbaw acknowledges that he owes Riley an amount in excess of the real estate he conveyed. Further, he makes no claims of impropriety on Riley's part. We find the debt was valid consideration for the assignment.

The more difficult issue in this appeal is whether there was substantial evidence in

the record to sustain the court's finding that the "purpose of the assignment was to secure the law firm, to which Mr. Kinzenbaw was indebted." The court went on to conclude the assignment created a security interest and gave Riley the right to realize on the security to the extent of its claims for fees which the court conceded was over $5,000. Since Padensky concentrated on the lack of consideration claim, proof of the parties' intentions in making the assignment is rather sparse.

The trial court's conclusion that the assignment created a security interest was apparently based on Iowa Code section 554.9102(1)(a). This section of the Uniform Commercial Code provides that Article 9 (secured transactions) is applicable "to any transaction (regardless of its form) which is intended to create a security interest in personal property or fixtures including goods, documents, instruments, general intangibles, chattel paper or accounts...." *Id.* Again for the purposes of decision, we assume Article 9 is applicable to the assignment here if the necessary intent to create a security interest has been established.

■ Unless a contrary intent is manifest or inferable, an assignment transfers to the assignee the assignor's entire interest or rights in the property. *Broyles v. Iowa Dept. of Social Services,* 305 N.W.2d 718, 721 (Iowa 1981); *Kintzel v. Wheatland Mutual Insurance Assn.,* 203 N.W.2d 799, 806 (Iowa 1973). *See Sullivan v. O'Callaghan,* 182 Iowa 755, 759, 166 N.W. 74, 75 (1918) (an assignment, absolute in form, in the absence of evidence to the contrary is presumed to mean what it says and thus is a transfer of all rights rather than a transfer for security).

■ Even though an assignment is absolute in form, parol evidence is always admissible to show that it was intended as security. *Callender v. Drabelle,* 73 Iowa 317, 319, 35 N.W. 240, 241 (1887). The intentions of the parties may be proved by direct evidence such as testimony, *Smoley v. Smoley,* 203 Iowa 685, 687, 213 N.W. 229 (1927), or they may be inferred from the circumstances surrounding the entire transaction, including the parties' conduct. 6A C.J.S. *Assignments* § 82 (1975).

■ Facially, the assignment of the appearance bond was an absolute transfer. Both Riley and Kinzenbaw testified that Kinzenbaw wanted the firm to have $5,000 of the bond proceeds to apply against his legal bill. Kinzenbaw also acknowledged in writing an attorney fee statement for $75,000 with an additional $25,000 in expenses. Finally, the prior written agreement creating a security interest in the real estate did not mention the cash appearance bond.

■ Although Padensky points to a portion of Kinzenbaw's cross-examination where he stated that assignment was for the purpose of returning $15,000 to Solbrig and the balance to himself, this minor inconsistency, which was refuted on redirect, is not substantial evidence that the assignment was intended to be a security device. Quite the contrary, the entire and consistent thrust of his testimony was that the assignment was executed for the purpose of paying Riley. We only can conclude the direct evidence overwhelmingly shows an intent to effect an absolute transfer of Kinzenbaw's rights in the appearance bond.

Despite this evidence, Padensky claims other circumstances permit an inference the transfer was for security purposes. In particular, she points to the failure of valid consideration, Riley's filing of an attorney's lien for $20,000 rather than $5,000, the timing of the transfer, Riley's undue influence in obtaining the assignment and the fact that Riley's records do not show a payment of $5,000. We cannot agree.

■ Concerning the claim of no consideration and undue influence, the record simply does not reflect these facts. As stated earlier, the pre-existing debt was valid consideration for the assignment. At most, the undue influence claims are based on Riley's activities in vigorously pursuing collection of its fee with a lack of tact.

Prior to the assignment, Riley did file an attorney's lien for $20,000 that ultimately

was abandoned. Although Riley admits the filing was ineffectual, it claims it was an endeavor to protect the entire bond amount so the firm could carry out its promise to Solbrig that his $15,000 would be returned when the bond was exonerated. This promise was verified by Solbrig. Contrary to Padensky's assertion, we find that Riley was attempting to collect its fee and protect Solbrig by filing the attorney's lien, and this act does not indicate the subsequent assignment was intended for security.

 Riley's statement did not show any indication of the $5,000 payment after the assignment. The return of the cash bond posted with the clerk was contingent upon Kinzenbaw's appearance. If he failed to appear the entire amount would be forfeited and Riley would be left to collect its $5000 by suing on the assignment. In view of this possibility and the lack of actual cash in hand, a failure to credit the $5,000 on the statement does not support an inference the assignment was a security transfer.

In summary, no tangible facts or inferences support the finding that the intent of the parties in executing the assignment was a conveyance for security purposes. The circumstances relied upon to show intent do not rise above conjecture. Conversely, the plain language of the assignment and the testimony of the parties indicate an intent to convey the bond proceeds to Riley for application on Kinzenbaw's debt. No provision was made for retention of the assignment by Riley until the debt was paid from another source. No language in the agreement suggests the assignment was other than absolute transfer. We find no substantial evidence allowing sustenance of the trial court's ruling.

The trial court, and we on appeal, have disposed of Padensky's other claims that would have deprived Riley of priority to the balance of cash proceeds held by the Clerk. That portion of the trial court's judgment challenged on appeal is reversed, and the matter is remanded for the appropriate entry of judgment by the district court con-sistent with this opinion that will entitle Riley, rather than Padensky, to the remaining balance of the cash appearance bond.

REVERSED AND REMANDED.