**Paul A. BRAUNGER d/b/a P.A. Braunger Food Service, Appellee,**

v.

**Donald KARRER d/b/a Guido's and Normandy Hunt Club, Appellant.**

No. 95–1626.

Supreme Court of Iowa.

May 21, 1997.

Donald H. Molstad of the Molstad Law Firm, Sioux City, for appellant.

James W. Redmond of Heidman, Redmond, Fredregill, Patterson, Schatz, & Plaza, L.L.P., Sioux City, for appellee.

Considered by HARRIS, P.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

LAVORATO, Justice.

In this garnishment proceeding, we must decide whether proceeds from the sale of a homestead are *entirely* exempt notwithstanding a limitation under Iowa law that would make only a portion of the proceeds exempt. Our resolution of the issue depends on whether a bankruptcy ruling in a prior proceeding in which the garnishing creditor was a party was binding in the Iowa garnishment proceeding. We hold the ruling was binding. In doing so, we affirm a court of appeals decision, reverse the judgment of the district court, and remand with instructions.

In 1987 Donald Karrer and his wife, Judith, purchased a home at 200 Cook Drive in Sioux City. They took title as joint tenants with rights of survivorship. This property was the subject of a bankruptcy proceeding and this garnishment proceeding. The Karrers operated a Dairy Queen store which they owned jointly. Donald was also involved in two other businesses in the Sioux City area. The Karrers eventually sold the Dairy Queen operation.

Financial problems in Donald's other businesses led him to file for Chapter 7 bank-

ruptcy in November 1991. In the bankruptcy proceeding Paul A. Braunger objected to the discharge of a $30,224.50 debt that Donald owed him. In April 1994, following a trial, the bankruptcy court entered judgment against Donald and in favor of Braunger for the amount of the debt and declared that the debt was nondischargeable because of Donald's fraud.

Later, Braunger filed the judgment with the Woodbury County clerk of court, who then entered it on the judgment docket and lien index. See Iowa Code § 624.23 (1993). Responding to the filing, Donald moved to avoid the lien pursuant to 11 U.S.C. § 552 (1994). In June 1994, the bankruptcy court ruled that the Braunger's judgment lien did not attach to Donald's home for which Donald had claimed a homestead exemption when he filed the Chapter 7 proceedings.

In March 1993, before Braunger's judgment was entered, the Internal Revenue Service (IRS) filed a tax lien against Donald for $65,039.69. IRS collection efforts caused the Karrers to list their home for sale.

The Karrers eventually sold the home for $220,000. Following payment of closing costs, taxes, and an existing mortgage, the Karrers had approximately $106,000 left. The Karrers paid the IRS $53,000 in partial satisfaction of Donald's tax indebtedness. That left $53,000 of the house sale proceeds for the Karrers. Before the sale was closed, Braunger garnished $30,224.50 of those proceeds in the hands of the buyers to be applied in satisfaction of his judgment. The sheriff received $30,224.50 on this garnishment and delivered those funds to the Woodbury County clerk of court, who continues to hold them pending the result of this litigation.

After the garnishment and although not a party in the case, Judith filed in the district court a claim of ownership to the $53,000. She alleged that all of the proceeds garnished were her share of the net proceeds from the sale and in the alternative alleged that the proceeds were exempt as proceeds from the sale of her home. She asked that the funds be released. In its ruling, the district court concluded that Braunger waived any claim that Judith did not properly intervene in the case.

Later, Donald filed a notice of exemption in the district court. He alleged that the proceeds garnished were exempt as proceeds from the sale of his homestead. He also alleged that he and his wife executed an offer to buy a replacement homestead with the proceeds remaining from the sale of the old homestead. He asked that the proceeds be released.

Following a hearing on Judith's notice of ownership and exemption, the district court found that $11,485.31 of the $30,224.50 judgment represented proceeds from the homestead portion of the entire residential property sold. The $11,485.31 was therefore exempt and the remaining $18,739.19 was not exempt because it was attributable to the nonexempt portion of the residential property.

Following the district court's denial of Judith's rule 179(b) motion, Judith appealed. Iowa R. Civ. P. 179(b). Judith raises two issues, only one of which she preserved in her rule 179(b) motion. As to the issue Judith did preserve, she contends the bankruptcy court's ruling that the homestead was entirely exempt was res judicata in the garnishment proceeding.

Our review is at law. See Padzensky v. Kinzenbaw, 343 N.W.2d 467, 469 (Iowa 1984). The district court's findings of fact are binding upon us if supported by substantial evidence. Id.

To fully understand the issue Judith is raising, we need to explore more fully the bankruptcy ruling on Donald's avoidance of lien motion and the district court ruling in this garnishment proceeding. We begin with the bankruptcy ruling.

The bankruptcy code allows states to "opt out" of the federal exemption system. See 11 U.S.C. § 522(d). Thus, states that opt out limit their citizens to the exemption available under applicable state law. Iowa has opted out of the federal exemption system. Iowa Code § 627.10.

A homestead within a city plat must not exceed one-half acre in extent. Iowa Code

§ 561.2. Even though the property in question is located in a city plat and exceeds one-half acre in size, Donald claimed all of the property exempt as a homestead when he filed his Chapter 7 bankruptcy. Braunger, a prebankruptcy creditor, failed to object to this claimed exemption within thirty days of the conclusion of the meeting of creditors. *See* Fed. R. Bankr.P. 4003(b). Because of this failure, the bankruptcy court ruled that Braunger could not contest the validity of the claimed exemption. This ruling was on solid ground. *See Taylor v. Freeland & Kronz,* 503 U.S. 638, 643–44, 112 S.Ct. 1644, 1648, 118 L.Ed.2d 280, 287 (1992) (holding that bankruptcy trustee's failure to file objection in timely manner resulted in claimed exemption being allowed even when value of property claimed as exempt exceeded amount that would otherwise be available under applicable exemption law).

The bankruptcy court went on to hold that because the homestead property was totally exempt, Braunger could not subject it to his judgment lien. In so holding the court relied on 11 U.S.C. § 522(c), which provides that "[u]nless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose ... before the commencement of the case...." Significantly, the court said:

> Braunger has no lien, and he may not obtain one. Section 522(c) is controlling. Although [Donald] is liable to Braunger for a prepetition debt not dischargeable because of fraud, [Donald's] homestead, exempted through the bankruptcy process, is not liable for the surviving claim. The Bankruptcy Code protects not just a properly claimed homestead, but the homestead set aside as exempt even if it were improperly claimed.

Because Braunger had no lien and could not obtain a lien on the homestead property by virtue of his judgment, the bankruptcy court ruled there was no lien to avoid. The court therefore dismissed Donald's avoidance of lien motion.

■ The effect of the bankruptcy court ruling was to make the homestead totally exempt notwithstanding the area limitation of one-half acre in Iowa Code section 561.2.

This ruling was binding on Braunger in any subsequent proceeding through the issue preclusion principles incorporated in the doctrine of res judicata. *See Brown v. Kassouf,* 558 N.W.2d 161, 163 (Iowa 1997).

That leaves us to deal with one other portion of the bankruptcy court ruling which is the basis of Braunger's contention and the district court's rule 179(b) ruling that issue preclusion did not apply in the district court garnishment proceeding. The passage in question from the bankruptcy court ruling is this:

> If [Donald] should sell his homestead, the proceeds of sale would be subject to execution by Braunger only to the extent provided under Iowa law. Such law would determine *when and if* the proceeds would lose their character as exempt property. Iowa Code § 561.20. Under the bankruptcy law, as to Braunger's claim, the proceeds would be those obtained from the sale of the entire property set aside as exempt in bankruptcy despite the fact that the homestead claim may exceed that allowed by Iowa Code section 561.2. 11 U.S.C. § 522(c).

(Emphasis added.)

Contrary to Braunger's and the district court's notion, this passage did not mean that the bankruptcy court was deferring to Iowa law on the question of exemption; the court had already made that determination when it ruled that all of the homestead was exempt. In the passage in question, the bankruptcy court was simply acknowledging that its ruling could not have any binding effect if the property subsequently lost its homestead status. Iowa law would determine when and if such status would be lost.

■ A sale of the homestead under certain circumstances could result in the loss of the homestead status. Under Iowa law when a party sells a homestead with the intention of reinvesting the proceeds in another homestead, such party has a reasonable time during which to do so. *Schuttloffel v. Collins,* 98 Iowa 576, 580, 67 N.W. 397, 399 (1896) (interpreting predecessors to Iowa Code sections 561.7 (owner may from time to time change limits of homestead) and 561.20

("Where there has been a change in the limits of the homestead, or a new homestead has been acquired with the proceeds of the old, the new homestead, to the extent of the value of the old, is exempt from execution in all cases where the old or former one would have been.")). Failure to reinvest the sale proceeds in another homestead would, of course, mean the sale proceeds would lose their exempt status and be subject to execution.

The last portion of the quoted passage from the bankruptcy court ruling stated:

> Under the bankruptcy law, as to Braunger's claim, the proceeds would be those obtained from the sale of the entire property set aside as exempt in bankruptcy despite the fact that the homestead claim may exceed that allowed by Iowa Code section 561.2. 11 U.S.C. § 522(c).

This portion of the bankruptcy court ruling simply made clear that if the sale proceeds retained their exempt status, *all* of the proceeds would be exempt because of the binding effect of the bankruptcy ruling and 11 U.S.C. § 522(c). This would be so notwithstanding the one-half acre limitation in Iowa Code section 561.2.

That brings us to the district court ruling. Notwithstanding the foregoing analysis, the district court applied the one-half acre limitation in Iowa Code section 561.2, believing erroneously that the quoted passage from the bankruptcy ruling allowed it to do so.

■ We agree with Judith that the only issue before the district court was whether the Karrers had a reasonable time to reinvest the sale proceeds in a replacement homestead. On this point the district court made the following findings:

> [Braunger] levied on the sale proceeds at a time when the Karrers intended to purchase another home with the sale proceeds and before the sale of the subject property was complete. The Karrers did not have a reasonable opportunity to purchase another home prior to the garnishment by [Braunger].

Substantial record evidence supports these findings. Given these findings, we conclude that at the time of the garnishment the sale proceeds were exempt from execution. The district court's ruling to the contrary was erroneous.

We therefore affirm the decision of the court of appeals and reverse the district court judgment. We remand for an order releasing the garnishment and directing the clerk's office to return to the Karrers the funds it is holding.

**DECISION OF THE COURT OF APPEALS AFFIRMED; JUDGMENT OF THE DISTRICT COURT REVERSED; REMANDED WITH INSTRUCTIONS.**