Day v. Hurchman—Syllabus.

LOZORA MARY DAY AND HENRY M. DAY, HER HUSBAND, *Appellants,* v. MARY ALICE HURCHMAN AND I. H. HURCHMAN, HER HUSBAND, *Appellees.*

Opinion Filed Feb. 25, 1913.

1. Where the court is legally organized and has jurisdiction of the subject-matter and the adversary parties are given an opportunity to be heard by the actual or constructive service on them of notice of the litigation as required by law, any errors or irregularities or even wrong doing in the proceedings short of an illegal deprivation of an opportunity to be heard will not render the judgment void.

2. Where a party has been regularly served with process in a cause, and neglects to appear and defend the suit, but suffers judgment to be taken by default, and he has not been prevented from making a defense by fraud or accident unmixed with negligence on his part, a court of equity will not afford him any relief against the judgment.

3. Where an infant defendant in a suit is duly served with process and is represented in the progress of the cause by a guardian duly appointed for that purpose, effective fraud or illegality in the decree rendered against the infant should be made to appear in a bill of complaint filed to impeach such decree.

4. It is not error to disregard an amended bill of complaint filed without leave of court.

Appealed from the Circuit Court of Marion County.

Decree affirmed.

*H. C. Gordon* and *V. H. Knight,* for Appellants;

*Wall & McKay,* for Appellees.

WHITFIELD, J.—The appellants brought a bill in equity against the appellees in which it is alleged in effect that after the death of S. M. Griggs, the father of Lozora Mary Day, his widow, who is complainants' mother, married John T. Griggs, the complainants' uncle, who at his death was seized and possessed of Lots 558, 559, 560 and 561 of the Town of Dunnellon; that after the death of the step-father, the mother, pursuant to an antemortem agreement with the deceased's step-father, conveyed to Lozora Mary Day Lots 556, 558, 559, 560 and 561; that shortly thereafter the mother married Hurchman, and, colluding with her husband, the mother brought suit to set aside the conveyance mentioned; "that in order to carry out said collusion and fraud a summons was issued and served upon your oratrix in the presence of said Mary Alice Hurchman, and the said defendant then and there at the time of the service of said subpoena and subsequent thereto explained to your oratrix, who was then and there a minor incapable of understanding the meaning of said subpoena, that the said defendant only intended thereby to straighten out and arrange the title to your oratrix's property"; "that the said defendant represented to the guardian of your oratrix that the suit above mentioned was for the purpose of perfecting the title of your oratrix and held out inducements to the guardian of your oratrix until no defense was interposed in said suit, the said guardian relying upon the statements of the said defendant, and further relying on the fact that the said defendant was the mother of your oratrix and supposing that the said defendant would do what was right and just by the ward of the said guardian who was your oratrix, the said guardian permitted the said suit to proceed to final decree without interposing any defense thereto, when as a matter of fact your ora-

trix alleges that she had a good and sufficient defense to said suit and the same should have been interposed in her behalf in said cause;" that complainant is the owner in fee simple of Lot 556 by purchase from the Withlacochee and Wekiwa Land Company; that on Lots 558, 559, 560 and 561 improvements have been made; "that at the time of setting aside of the deed from Mary Alice Griggs to your orator, covering the above described lots, the guardian ad litem appointed by this honorable court was not apprised of the facts covering the title of same, but the said defendant, together with her husband, took active steps to conceal the true facts from the said guardian ad litem and imposed upon the said guardian ad litem in this, that representing to said guardian ad litem that the said defendant was the mother of your oratrix and that she would not do anything contrary to the interest of your oratrix, and the said guardian ad litem being misled and believing the said misrepresentation interposed no defense in said cause;" that defendants have purchased described property with the proceeds from the said property of complainant. It is prayed that the decree setting aside the conveyance to complainant be vacated for fraud and that the defendant be decreed to be a trustee for complainant, and for an accounting, etc. A demurrer to the bill of complaint was sustained. No leave to amend was asked, and the bill was dismissed. The complainants appealed.

Where the court is legally organized and has jurisdiction of the subject-matter and the adversary parties are given an opportunity to be heard by the actual or constructive service on them of notice of the litigation as required by law, any errors or irregularities or even wrong doing in the proceedings short of an illegal deprivation of an opportunity to be heard will not render

the judgment void.    Lucy v. Deas, 59 Fla. 552, 52 South. Rep. 515.

Where a party has been regularly served with process in a cause, and neglects to appear and defend the suit, but suffers judgment to be taken by default, and he has not been prevented from making a defense by fraud or accident, unmixed with negligence on his part, a court of equity will not afford him any relief against the judgment.    Hoey v. Jackson, 31 Fla. 541, 13 South. Rep. 459.

Under appropriate circumstances improper decrees against infants may be impeached by an original bill duly framed for that purpose.    But where an infant defendant in a suit is duly served with process and is represented in the progress of the cause by a guardian duly appointed for that purpose, effective fraud or illegality in the decree rendered against the infant should be made to appear in a bill of complaint filed to impeach such decree.    Mere negligence of the guardian in making defense is not sufficient, for it must be assumed that the court properly protected the infant's rights. The court had jurisdiction of the parties and of the subject-matter in making the decree sought to be impeached; and it is not shown that the defendant was in any way deprived of an opportunity to be fully heard.    She was an infant, but she was udly served with process and was represented in the progress of the suit by a guardian who must be presumed to have done his  duty till the contrary  clearly appears.    The allegations that the defendant here represented to the guardian of the defendant in the suit against her that such suit was for the purpose of perfecting her title, and held out inducements to the guardian "until no defense was interposed in said suit," and that relying on the fact that the complainant in the first suit is the mother of the defendant there and supposing the mother would do right,

the guardian made no defense when there was a good defense, do not show effective fraud, but do indicate negligence on the part of the guardian. But it must be assumed that the court did its duty in protecting the interests of the minor; and this bill does not even contain the decree or establish the impropriety of the decree assailed. The allegations of this complainant's rights in the lands may have been met by the pleadings and proofs in the former suit, none of which appear in this record. There was manifestly no error in sustaining the demurrer to the bill of complaint; and as no leave to amend was asked or granted, an amended bill of complaint filed without leave of court was properly not considered in dismissing the bill.

Decree affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKer, J. J., concur.