# CHARLESTON.

ROBERT D. SCOTT *v.* NORFOLK & WESTERN RAILWAY COMPANY.

(No. 5443.)

Submitted September 30, 1925.    Decided October 6, 1925.

MASTER AND SERVANT—*Negligence Basis of Recovery Under Federal Employers' Liability Act.*

   The Federal Employers' Liability Act does not give a cause of action to the employees of carriers engaged in interstate commerce, for injuries not occasioned by negligence of the carrier or its employees, and no recovery can be had under this act by simply showing the injury, and that at the time the injured servant was engaged in work pertaining

to defendant's business as a common carrier of interstate commerce.

(Master and Servant, 26 Cyc. p. 1092).

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Mingo County.

Action by Robert D. Scott against the Norfolk & Western Railway Company. From a judgment setting aside a verdict for plaintiff, and awarding a new trial, plaintiff appeals.

*Judgment affirmed.*

*Bias & Chafin,* for plaintiff in error.

*F. M. Rivinus* and *Holt, Duncan & Holt,* for defendant in error.

WOODS, JUDGE:

This is an action brought by Robert D. Scott, colored, a section hand, against his employer, the Norfolk & Western Railway Company. The action was brought and tried under the Federal Employers' Liability Act. The circuit court set aside a verdict for the plaintiff and awarded a new trial. The plaintiff appeals.

The plaintiff, age 28 years, together with a number of section hands, under the direction of a white foreman, had been engaged for several weeks in relaying tracks of the defendant company, at and about Williamson. On March 25, 1924, the day of his injury, plaintiff, with a crew of thirty or forty men under the foreman, Pridemore, had been removing old rails and old ties from the main line tracks of the Norfolk & Western Railway Company in the City of Williamson and replacing these with new rails and new ties. In the afternoon of that day, he, with about ten others, all colored, was sent by his foreman from the main line to a yard track, known as lead track No. 11, there, together with another foreman, Layne, or his assistant, Millard Bowman, to engage in relaying that track. About three o'clock in the afternoon some twelve of these colored men, under direction of the foreman, loaded some of the old rails, which had just been taken from this track, onto a hand-car, for the purpose of moving

them about one hundred fifty yards west to a place where the rails were later to be removed and stacked for storage. The platform of said hand-car measured about six feet long and four feet wide. What happened to the plaintiff while unloading these rails is thus related by himself:

"Well, we got a load of steel on and rolled it down to where we were supposed to dump it, where another big pile of steel was, and of course when the car is filled with rails the first rail is on the edge and we can lift that clear without see-sawing, and we lifted them clear until we got off four or five rails, and then we see-sawed them up to the edge of the car and lifted them clear off without dropping them on the ground; we would take them off of the edge of the car and take them to where we threw them. There was about six men on the opposite end from me, they were see-sawing it up to the edge of the car and they shoved their end and the rail wheeled around on the car and knocked me against the other rail.

Q. Struck you where; stand up and show the jury?

A. Right here (indicating his abdomen).

Q. And knocked you back against a rail?

A. Yes, sir. The ball of the rail is almost round; it isn't sharp; it is almost round.

Q. Wasn't the ball of the rail the end of it?

A. No, sir; * * *"

No one else, who was present at the time of the injury complained of, testified.

The plaintiff in error makes but one assignment, simply charging the circuit court with error in setting aside the verdict of the jury and granting the defendant a new trial. The counsel for the railroad company counters by asserting: (1) That the evidence of the plaintiff describing the accident (even laying aside his own contradiction thereof) fails to show any negligence upon the part of the defendant, either by act of commission or omission, and negligence may not be presumed or assumed; (2) That while the plaintiff complains of traumatic hernia as a result of his injury, that the con-

vincing weight of the evidence (composed of physical facts and his own statements) shows that he did not suffer from hernia caused by "traumatism" or a blow.

The evidence is clear that when the injury was received plaintiff, as a servant of the defendant, was engaged in work pertaining to defendant's business as a common carrier of interstate commerce. Under the Federal Employers' Liability Act, the employer is liable, other requisites being shown, for "injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, road bed, works, * * * or other equipment." The Act does not give a cause of action to the employee for injuries not occasioned by negligence, and no recovery can be had under this act by simply showing the injury, and that at the time the injured servant was engaged in interstate commerce. *Seaboard Air Line Railway* v. *Horton,* 233 U. S. 492; *Culp* v. *Virginian Railway Co.,* 77 W. Va. 125; *Hull* v. *Virginian Railway Co.,* 78 W. Va. 25; *Chesapeake Railway Co.* v. *Shiflett,* 118 Va. 63. In *Seaboard Air Line Railway* v. *Horton, supra,* the court said: "To hold that under the statute the railroad company is liable for the injury or death of an employee resulting from any defect or insufficiency in its cars, engines, appliances, etc., however caused, is to take from the act the words 'due to its negligence'. The plain effect of these words is to condition the liability upon negligence; and, had there been doubt before as to the common law rule, certainly the act now limits the responsibility of the company as indicated." It is not insisted that the injury resulted from any defect or insufficiency in defendant's cars, engines, appliances, machinery, track, road bed or other equipment. Therefore the plaintiff's case depends on whether or not his injury resulted in whole or in part from acts of negligence on the part of those working with him. We are mindful that in deciding a question of this character the view must be taken of it most favorable to the plaintiff. Has any negligence been shown against the defendant company? Negligence, as we have shown, is the basis of all liability under the

Act, and there can be no recovery under the Act in the absence of negligence on the part of the railroad company or some of its employees. *Hardwick* v. *Wabash R. Co.*, 181 Mo. App. 156; *Southern Railroad* v. *Howerton*, 182 Ind. 208; *Cincinnati Railway Co.* v. *Goldston*, 156 Ky. 410: *Collins* v. *Railway*, 148 N. Y. S. 777. In the case at bar, plaintiff, to sustain the verdict, must point out from the evidence some act of the railroad company or its employees that can be said to constitute negligence. Is it shown that the injury complained of was caused in whole or in part by the negligence of the defendant's employees? In what way were they at fault? His statement in detailing the cause of the injury does not show but that the steel rail was handled in the usual manner. It fails to show that the injury was due to any failure of duty on the part of the defendant's employees, or that the injury could have been prevented by handling the rail in a different manner. Nothing is shown as to the unskilfulness of the employees who labored with him. He merely recites his injury. A similar case to the one at bar is that of *Long* v. *Southern Railway Company*, 155 Ky. 286. There the plaintiff and a fellow servant held one end of a tie and another carried the other end. As they started to toss the tie onto a flat car, its wet and slippery condition caused it to turn, and the plaintiff's finger was pinched off between the tie and the floor of the car. Held insufficient to show actionable negligence on the part of the railroad company essential to maintain an action under this Act. By the decisions of the United States Supreme Court the fact of accident does not even raise a presumption of negligence. Negligence cannot be presumed or assumed. Plaintiff to recover must show affirmatively by evidence that defendant company was negligent. *Ketterman* v. *Dry Fork Railroad Co.*, 48 W. Va. 606; *Veith* v. *Salt Company*, 51 W. Va. 96; *Ice* v. *County Court*, 77 W. Va. 152. Judge BRANNON, in the *Ketterman case, supra,* said: ''We must have evidence to fix liability, so that we shall not grope in the dark. We cannot bend the law to meet particular cases from motives of sympathy or pity.'' Judge LITZ and myself would hold that there is sufficient evidence here to carry the question of negligence to the jury,

but our associates hold otherwise. In this opinion is expressed the views of the majority of the court. However, the court does not say but that by a fuller development of the facts and circumstances surrounding the act complained of, that a case cannot be made. All the court does hold here is that on the case presented on this particular question, that it cannot say that the sound discretion lodged in the presiding judge in granting or refusing new trials has been abused in the present instance. In so deciding full effect is given to the general rule that it takes a stronger case in the appellate court, to reverse an order granting, than in refusing a new trial. *Miller* v. *Insurance Company,* 12 W. Va. 116; *Varney* v. *Lumber Company,* 64 W. Va. 417; *Wilson* v. *Johnson,* 72 W. Va. 742. What the judgment of this court would have been if the court had denied a new trial, we are not called upon to decide. As there is to be another trial a consideration of the other phase of the case is made unnecessary.

*Judgment affirmed.*