BERTHA STATON, *Admx., etc. v.* THE VIRGINIAN RAILWAY COMPANY

(No. 8651)

Submitted January 25, 1938.   Decided March 1, 1938.

*Lilly & Lilly* and *Grover C. Worrell,* for plaintiff in error.

*John R. Pendleton* and *M. P. Howard,* for defendant in error.

RILEY, JUDGE:

Bertha Staton, administratrix of the estate of Russel Staton, deceased, instituted this action against the Virginian Railway Company to recover damages for the death of her decedent, ascribed to the failure of the defendant, an interstate carrier, to provide with an efficient hand brake a gondola car attached to a train on which the decedent was the head brakeman. Error is prosecuted by the plaintiff to a judgment, on a jury verdict, for defendant.

It was plaintiff's contention that the brake was defective in that it would slip due to a worn pawl, when a certain amount of tension was placed thereon in setting it, and that while setting the brake, it slipped and threw decedent from the car, causing fatal injuries. From the allegations of the declaration, it is clear that, although there are no specific allegations to that effect, recovery is sought under the Federal Employers' Liability Act for a violation of the Safety Appliance Act. Such spe-

cific allegations are unnecessary. 2 Roberts Federal Liabilities of Carriers (2d Ed.), sec. 993; *Easter* v. *Virginian R. Co.,* 76 W. Va. 383, 86 S. E. 37, 11 N. C. C. A. 101.

The paper appearing in the record denominated "Amended Declaration", wherein plaintiff seeks to charge defendant with additional violations of the Safety Appliance Act, has no place in this action. The case had been matured and continued twice before said paper was filed at rules. No process was issued to answer it; and it was not filed by leave of court. Code 1931, 56-4-24, 25. The so-called "Amended Declaration" is nothing more or less than a fugitive paper. So our consideration of the record must be based solely on the original declaration, the allegations of which, as heretofore indicated, are confined simply to a failure to provide an efficient hand brake.

At the time of the accident, two cars, which had been loaded at Grundy, Virginia, were being moved to an unloading position on a sidetrack at Mada, West Virginia. The cars were next to the engine, and the airbrake had not been disconnected. The decedent, the head brakeman, who had gone forward to set the brake of the rear car, was, when last seen, in the vicinity of the brake. No witness was able to testify that a defect of the brake caused the injury. Only two witnesses, Branscome and Manning, saw decedent directly before the injury, and they were unable to say that the brake caused decedent's death.

Mr. Branscome, who had assisted in loading the flat and gondola cars at Grundy, Virginia, the day before, was between the main track and the sidetrack, for the purpose of indicating where he wanted the cars dropped. He testified that as the engine was pulling the flat and gondola cars westward past him, Staton had his hand on the top of the gondola car, and was setting, or ratcheting, the brake; that after he had passed, witness started walking behind the gondola car, which was going from four to six miles per hour; that he could see the top of Staton's head, and the next thing he saw was when

Staton dropped down or rolled off the rail between the tracks; that witness was looking down the track part of the time, and was going to wave them down when they got to the right place. Manning, a brakeman, testified that he and Staton were on the east end of the gondola car when the train started forward (west); that Staton "got over in this car and went to the west end and set the brake"; that he "put his arm over in I believe his right arm over in the car hooked it over in the car and partly turned around on the board at the brake", "turned around like he was making an attempt to get off." Witness' attention was attracted to the slide alongside the track, and the next time he saw Staton, the latter was lying between the siding and the main track.

Immediately thereafter, the trainmaster, in the presence of the conductor, examined the brake and found it tightly set. In addition to the foregoing, and as part of *res gestae,* witnesses testified that the decedent, upon being questioned as to how it happened, stated "I made a misstep," "I missed my step," or a like expression, and that he "was trying to get on the tank," i. e., the tender of the engine which was just ahead of the flat car.

A number of employees and officials of the defendant company made tests of the brake later in the day and testified that it functioned properly every time. Witnesses for plaintiff, who visited the scene of the accident the next day, stated that the brake slipped when tightened to a certain tension. Defendant, at the trial, exhibited a brake, purporting to be the one on the car at the time of the accident. It differed, however, in several features from that described by plaintiff's witnesses.

It is well recognized that in an action such as this, the question of whether there has been sufficient evidence to justify submission of the case to the jury is controlled by the decisions of the federal courts, as such questions involve substantive and not procedural rights. 2 Roberts Federal Liabilities of Carriers (2d Ed.), p. 1970, sec. 1028; *Easter* v. *Virginian R. Co., supra; Scott* v. *N. & W. Ry. Co.,* 100 W. Va. 88, 130 S. E. 98.

Assuming the evidence on the condition of the brake

sufficient to go to the jury, it must be remembered that in actions for damages in cases such as the instant one, proof of a defective appliance and injury is not in itself sufficient to permit recovery. Plaintiff must go farther, and show that the defect complained of was a proximate cause of the injury. In other words, there must be a causal relation between the fact of delinquency and the fact of injury. The reports are replete with instances where liability has been denied on the ground that the alleged negligence under the Federal Employers' Liability Act, or the failure to comply with the Safety Appliance Act, was not shown to be a proximate cause of the injury. *Lang, Admrx.* v. *New York Central R. Co.,* 255 U. S. 455, 65 L. Ed. 729, 41 Sup. Ct. 381; *Atchison, etc., R. Co.* v. *Saxon, Admr.,* 284 U. S. 458, 76 L. Ed. 397, 52 Sup. Ct. 229; *Pennsylvania R. Co.* v. *Chamberlain, Admx.,* 288 U. S. 333, 77 L. Ed. 819, 53 Sup. Ct. 391; *Chicago, etc., R. Co.* v. *Coogan,* 271 U. S. 472, 70 L. Ed. 1041, 46 Sup. Ct. 564; *New York Central R. Co.* v. *Ambrose,* 280 U. S. 486, 74 L. Ed. 562, 50 Sup. Ct. 198; *Patton* v. *Texas & Pac. R. Co.,* 179 U. S. 658, 663, 45 L. Ed. 361, 21 Sup. Ct. 275; *Grand Trunk Western R. Co.* v. *Holstein,* 67 Fed. (2d) 780; *Davis, etc.,* v. *Hand,* 290 Fed. 73. It is generally recognized that the Federal Employers' Liability Act and Safety Appliance Act contemplate proof of a causal relation between the negligence, or violation of a statutory duty, and injury substantially equivalent in kind and amount to the proof required to establish "proximate cause" in negligence cases at common law generally. *Hull* v. *Virginian R. Co.,* 78 W. Va. 25, 88 S. E. 1060.

The character of evidence necessary to prove causal relation must depend largely upon the circumstances of each case. If the plaintiff's act is the sole cause of his injury without any act on the part of defendant contributing as part of the causation, there can be no recovery under the federal act. *Hull* v. *Virginian R. Co., supra; Easter* v. *Virginian R. Co., supra.* And if the existence of a causal relation rests wholly upon speculation or conjecture, the question may be withdrawn from the jury,

or, if submitted, the verdict set aside. 2 Roberts Federal Liabilities of Carriers, (2d Ed.), sec. 877; *Atchison, etc., R. Co. v. Toops*, 281 U. S. 351, 74 L. Ed. 896, 50 Sup. Ct. 281; *Gulf, Mobile & Northern R. Co. v. Wells*, 275 U. S. 455, 72 L. Ed. 370, 48 Sup. Ct. 151; *Pennsylvania R. Co. v. Chamberlain, Admx., supra; Burnett v. Pennsylvania R. Co.*, 33 Fed. (2d) 579; *Chicago, etc., R. Co. v. Coogan, supra.*

We, therefore, are of the opinion that the evidence did not warrant the submission of the case to the jury in the first instance. But the trial court having done so, and the jury having found for the defendant, there is not prejudicial error. This disposition of the case renders moot the other questions raised on the record.

The judgment is affirmed.

*Affirmed.*