WILLIAM A. CULPEPPER, Judge Pro Tern.
This is an appeal from a trial court judgment sustaining defendant, John E. Day’s, exceptions of no cause of action and no right of action and dismissing him from the suit.
FACTS
On September 23, 1983 a log truck ran into the rear of a house being moved along a road in Grant Parish. The insurer of the log truck, Carolina Casualty Insurance Company, settled the house owners’ claim and was subrogated to their rights of action. Carolina Casualty filed suit on May 4, 1984 against the registered owner of the truck moving the house, John E. Day House Movers, Inc., and its insurer. On March 20,1985 Carolina Casualty secured a default judgment against John E. Day House Movers, Inc. Defendant’s insurer was dismissed from the suit by motion of Carolina Casualty on July 21, 1986.
On June 27, 1986 Carolina Casualty amended its original petition to add John E. Day, individually, as a party defendant, alleging that he operated John E. Day House Movers, Inc. as an alter ego, agency and instrumentality in conducting his personal business. The amended petition was filed without leave of court or defendant’s written consent. In response, Day filed exceptions of no cause of action and no right of action. The trial court maintained Day’s exceptions. The plaintiff appeals this judgment.
ASSIGNMENTS OF ERROR
The plaintiff assigns the following error.
1. Where the defendant has filed exceptions of no right of action and no cause of action which raised matters of a defense on the merits, the trial court erred in maintaining those exceptions.
APPLICABLE LAW
Plaintiff amended its petition to add John E. Day as a defendant after the answers to the original petition had been filed. LSA-C.C.P. art. 1151 states, in pertinent part:
“Art. 1151. Amendment of petition and answer; answer to amended petition
*117 “A plaintiff may amend his petition without leave of court at any time before the answer thereto is served. He may be ordered to amend his petition under Articles 932 through 934. A defendant may amend his answer once without leave of court at any time within ten days after it has been served. Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party.”
Plaintiff has not provided any court order allowing the supplemental petition to be filed, nor the written consent of defendant, as required by LSA-C.C.P. art. 1151. Failure to do so renders the amendment totally without effect and it is deemed not to have been filed at all. Womack v. Day Sanitary Service, Inc., 343 So.2d 231 (La.App. 1st Cir.1977), writ denied, 345 So.2d 1192 (La.1977); Campbell v. Wright Adams Realty Co., 220 So.2d 755 (La.App. 1st Cir.1969); Phillips v. Garden, 211 So.2d 735 (La.App. 2d Cir.1968) (the court refused to consider an intervention filed without leave of court); Martino v. Fairbum, 71 So.2d 358 (La.App. 1st Cir.1954). In Anding v. Texas & P. Ry. Co., 158 La. 412, 104 So. 190 (1925), the court recognized this rule, though it found that an amended petition filed without leave of court and served to be sufficient to interrupt prescription as to the newly added defendant.
Therefore, the exceptions ruled on by the trial court are moot and the judgment is null.
We do not address the question of whether the plaintiff has the right to file further amended petitions seeking to add John E. Day individually as a defendant.
CONCLUSION
For the reasons assigned above, the judgment of the trial court is vacated and set aside. The costs of appeal are assessed to the plaintiff-appellant.
VACATED AND SET ASIDE.