Jerry HUNTER, individually, and Jason Michael Hunter By and Through his father and next friend, Jerry Hunter, Appellants,

v.

M. Eileen ECHOLS, and Gary W. Rahe, M.D., Appellees.

No. 72358.

Supreme Court of Oklahoma.

Nov. 5, 1991.

 

Mike Millstead, Norman, for appellants.

Rodney C. Ramsey, Oklahoma City, for appellee, M. Eileen Echols.

Robert C. Margo, Oklahoma City, for appellee, Gary W. Rahe, M.D.

KAUGER, Justice.

The issue of first impression presented is whether an amended petition, filed without leave of court or by written consent of the adverse party after a responsive pleading has been served, is a valid pleading. We find that, once a responsive pleading has been served, failure to obtain leave of court or written consent by the adverse party to file an amended petition renders the amendment totally ineffective. The amendment is deemed not to have been filed.

---

**1.** The face of the petition contains the notation, "Leave granted to file 9/8/88," and the signature of Judge James B. Blevins.

## FACTS

On July 24, 1985, the appellant, Jerry Hunter (Hunter), filed a petition alleging that the appellee, M. Eileen Echols (Echols), and her law firm had procured his consent to the adoption of his son through a misrepresentation of the state of his ex-wife's health. When the mother died, Hunter was successful in having the adoption set aside. Hunter sought his expenses in the proceeding to vacate the adoption, and reasonable attorney fees, and costs. On September 13, 1985, Echols filed a motion to dismiss alleging that she had not acted as an attorney for Hunter and that the statute of limitations on fraud had run. Summary judgment was granted to Echols on October 28, 1985. Finding that it was not necessary that Echols had represented Hunter for him to maintain a cause of action for fraud and that Hunter pursued his claim as soon as he received the medical records concerning his ex-wife's health, the Court of Appeals reversed and remanded for trial on June 2, 1987.

On June 19, 1987, while specifically retaining his cause of action against Echols, Hunter dismissed Echols' law firm from the suit without prejudice. Hunter filed an amended petition on June 24, 1988, **without leave of court or by written consent of the adverse party.** Hunter dismissed the amended petition on July 8, 1988. On September 8, 1988, Hunter again filed an amended petition. This time **with leave of court.**[1] The second amended petition named the appellee, Gary W. Rahe, M.D. (Rahe), as an additional party. Hunter alleged that Rahe had provided a letter at the time of the adoption proceedings attesting to his ex-wife's good health, when, in fact, he had been treating her for terminal cancer. Echols and Rahe filed motions to dismiss. Both parties argued that no cause existed in which to file the second amended petition.[2]

---

**2.** Echols asserted that service to an attorney of record in the original action was not proper, because no case existed to support a finding of representation. Rahe cited *Wiley Elec. v. Brantley,* 760 P.2d 182, 186 (Okla.1988) for the propo-

By court minute dated November 4, 1988, the trial court sustained both motions to dismiss.[3] On November 9, 1988, Hunter filed a motion to vacate all prior orders of the trial court and a motion for new trial. On December 16, 1988, both motions were overruled. On appeal, the Court of Appeals relying only on 12 O.S.Supp.1990 § 2015(A)[4] held that the first amended petition—**filed without leave of court**—was a nullity and that the second amended petition—**filed with leave of court**—constituted a valid pleading. We granted certiorari on October 8, 1991, to consider a question of first impression—whether an amended petition, filed without leave of court after a responsive pleading has been served, is a valid pleading.

ONCE A RESPONSIVE PLEADING HAS BEEN SERVED, FAILURE TO OBTAIN LEAVE OF COURT OR WRITTEN CONSENT OF THE ADVERSE PARTY TO FILE AN AMENDED PETITION RENDERS THE AMENDMENT TOTALLY WITHOUT EFFECT. THE AMENDMENT IS DEEMED NOT TO HAVE BEEN FILED.

 Echols and Rahe each argue on certiorari the question of whether filing a petition in a previously dismissed suit is sufficient to invoke the savings provision of 12 O.S.1981 § 100.[5] Under the facts presented here, the dispositive issue is whether an amended petition filed without leave of court or written consent of the adverse party is valid.

The majority view is that an amended petition filed without leave of court is a nullity.[6] Courts in other jurisdictions have relied upon statutes substantially similar to

---

3. sition that filing an amended petition in a previously dismissed cause will not avail a party of the savings provision of 12 O.S.1981 § 100. Title 12 O.S.1981 § 100 provides:

"If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff, or, if he should die, and the cause of action survive, his representatives may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed."

3. Although the Court of Appeals opinion indicates that there is no journal entry of judgment concerning the motion to dismiss, the journal entry dismissing Echols appears in the record at pp. 285-86. It provides that the dismissal is sustained by reason of the previously dismissed amended petition. The journal entry sustaining Rahe's motion to dismiss is found at pp. 291-92 of the record.

4. Title 12 O.S.Supp.1984 § 2015 provides in pertinent part:

"A. AMENDMENTS. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty (20) days after it is served. Amendments to add omitted counterclaims or to add or drop parties may be made as a matter of course within

the time specified above. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall respond to an amended pleading within the time remaining for response to the original pleading or within ten (10) days after the service of the amended pleading, whichever period may be longer, unless the court otherwise orders...."

5. In *Wiley Elec. v. Brantley*, see note 2, supra, we held that an amended petition in a previously dismissed cause was insufficient to avail a party of the savings provision of 12 O.S.1981 § 100, see note 2, supra. The teaching of *Wiley Elec.* was reaffirmed in *Kelly v. Abbott*, 781 P.2d 1188, 1190 (Okla.1989).

6. Six jurisdictions find that the filing of an amended petition after a responsive pleading has been filed is void unless leave of court is obtained. *Alery v. Alery*, 193 Or. 336, 238 P.2d 771, 773 (1951); *Staton v. Virginian Ry. Co.*, 119 W.Va. 658, 195 S.E. 601, 603 (1938); *Clark v. Ganson*, 144 Ga. 544, 87 S.E. 670 (1916); *Day v. Hurchman*, 65 Fla. 186, 61 So. 445-46 (1913); *Carolina Casualty Ins. Co. v. John Day House Movers, Inc.*, 525 So.2d 116-17 (La.Ct.App.1988); *Johnson v. Wright*, 221 Ill.App. 6, 9 (1921).

Three courts have held that a court may, in its discretion, permit an amended pleading to remain on file even though it was filed without leave of court. *Padzensky v. Kinzenbaw*, 343 N.W.2d 467, 470 (Iowa 1984); *Southern Idaho Prod. Credit Ass'n v. Gneiting*, 109 Idaho 493,

§ 2015(A).[7] It provides that once a responsive pleading has been served a party may amend a pleading *only* by leave of court or by written consent of the adverse party. Under this rule and the facts presented, the first amended petition and its dismissal are technically not a part of the record.[8] The dismissal filed in response to an invalid amended petition did not result in the dismissal of the cause. Hunter properly amended his petition a second time **with approval of the trial court.**[9]

Initially, it might appear that *Wiley Elec. v. Brantley,* 760 P.2d 182, 186 (Okla.1988) is controlling. In *Wiley,* a contractor dismissed without prejudice its cause of action against the promotor of a softball field on March 15, 1984. Relying on the savings provision of 12 O.S.1981 § 100, the contractor on March 14, 1985, filed an amended petition in the same cause dismissed the previous year. We held that the filing of a new petition in an old case was insufficient to avail the contractor of § 100's savings clause. The facts do not bring the cause within the teaching of *Wiley*—the first amended petition and its subsequent dismissal must be treated as if they were never filed because no leave to file was granted.[10]

## CONCLUSION

The filing of an amended petition without leave of court or by written consent of the adverse party is without effect. Because neither leave of court nor written consent of the adverse party was granted to file the first amended petition, the pleading and its subsequent dismissal must be treated as if they were never filed. The trial court is ordered to reinstate the cause based on the second amended petition.

CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS OPINION VACATED; TRIAL COURT REVERSED; REMANDED WITH DIRECTIONS.

HODGES, V.C.J., and LAVENDER, SIMMS, DOOLIN, HARGRAVE, ALMA WILSON and SUMMERS, JJ.

OPALA, Chief Justice, concurring in result:

I concur *only* insofar as the Court reverses today the trial court's order denying Hunter's motion to vacate and for new trial.

708 P.2d 898–99 (1985); *Rambur v. Diehl Lumber Co.,* 144 Mont. 84, 394 P.2d 745, 748 (1964).

7. *Alery v. Alery,* see note 6, supra; *Carolina Casualty Ins. Co. v. John Day House Movers, Inc.,* see note 6, supra; 12 O.S.Supp.1984 § 2015, see note 4, supra.

8. *Staton v. Virginian Ry. Co.,* see note 6, supra; *Campbell v. Wright Adams Realty Co.,* 220 So.2d 755, 757 (La.Ct.App.1969).

9. Title 12 O.S.Supp.1984 § 2015, see note 4, supra.

10. Rahe also asserts that: 1) the Court of Appeals opinion is improper as to him, because leave of court was not given to add him as an additional party when the second amended petition was filed on September 8, 1988; and 2) appellate review went beyond that required by an order issued by the Court of Appeals on July 16, 1990. The order provided that unless Hunter showed good cause to the contrary, review would be limited to the trial court's denial of a motion to vacate issued on December 16, 1988. The record does not bear out these objections. First, although no order appears in the record allowing the addition of Rahe as a party, the amended petition containing him as an additional party has Judge Blevins' approval written across the first page, see note 1, supra. Additionally, in his motion to dismiss filed on October 19, 1988, found on page 223 of the record, Rahe writes:

"Plaintiff obtained leave of Court to file this most recent 'Amended Petition.' Judge Blevins signed the face of the Amended Petition allowing its filing."

Second, the issue raised in the motion to vacate is identical to the one raised in the motion to dismiss—whether the amended petition filed without court approval was a proper filing. At page 270 of the record, Rahe writes in his response to the motion for new trial and the motion to vacate:

"Plaintiffs cannot file an *Amended Petition* using the old case number, or issue and serve a Summons also using the old case number in a case that *no longer exists.*"