**Darrell Scott SEDBROOK, Appellant,**

v.

**Brandon ROUSE, Jason Ryan, Joe Newsom, Paul Miller, Taylor Smith, Troy Beat, Ross Bishop, Ryan Atkinson, Brody Onan, Tim Pendergrass, James Ethridge, Matt Zabel, Bernard C. Burke, Matt Weichbrodt, Travis Horton, Jason Jeffries, Ash Eurton, Chris Smith, Kevin Cooke, Matthew Tucker, and C.D.E., Inc. d/b/a Tenth Street Keg, Appellees.**

No. 83877.

Court of Appeals of Oklahoma,
Division No. 4.

Dec. 20, 1994.

Rehearing Denied Jan. 17, 1995.

Certiorari Denied March 29, 1995.

**436**

John R. Shelton, Shelton Law Firm, Oklahoma City, for appellee James Ethridge.

Curtis L. Smith, Pierce Couch Hendrickson Baysinger & Green, Oklahoma City, for appellee Travis Horton.

Anthony D. DeGiusti, Anthony D. DeGiusti Law Firm, Fred A. Leibrock, Niemeyer, Noland & Alexander, P.C., Oklahoma City, for appellee Jason Jeffries.

Larry W. Tedder, Tedder, Kite & Wallace, Oklahoma City, for appellee Kevin Cooke.

Herbert K. Hyde, Jr., Oklahoma City, for appellee C.D.E., Inc. d/b/a Tenth Street Keg.

Joseph J. Reinke, Michael E. Chionopoulos, Joseph J. Reinke & Associates, Oklahoma City, for appellant.

Tim D. Cain, Wilson, Cain & McAtee, Oklahoma City, for appellee Brandon Rouse.

Fred Leibrock, Niemeyer, Noland & Alexander, P.C., Oklahoma City, for appellees Jason Ryan, Ross Bishop, Paul Miller, Ryan Atkinson, and Chris Smith.

Sally Gilbert, Angela D. Ailles & Associates, Oklahoma City, for appellees Bernard C. Burke, Matt Zabel, and Joe Newsom.

Eileen Morris, Kenneth Jean, Elliott and Morris, Oklahoma City, for appellee Taylor Smith.

Marc Walls, Oklahoma City, for appellee Troy Beat.

GOODMAN, Judge.

■ This cause has been assigned to the accelerated docket pursuant to Civil Appellate Procedure Rule 1.203(A)(1)(b), 12 O.S.Supp.1993, ch. 15, app. 2 [1], after the trial court granted the defendants' motions to dismiss for failure to state a claim. Based upon our review of the evidence and applicable law, we affirm.

I

On April 29, 1992, Linda Sedbrook filed a petition as parent and next friend of her seventeen-year-old son seeking damages from the parent of another minor for physical injuries allegedly sustained when the defendant's son assaulted the plaintiff's son on August 17, 1991.

Sedbrook's minor child attained his majority May 5, 1992. He made no election to proceed with the action in his own name, and on August 12, 1993, the next friend amended

---

1. The defendants' motions seek dismissal of the plaintiff's petition for failure to state a claim upon which relief may be granted. *See* 12 O.S. 1991 § 2012(B)(6). The motions assert that the plaintiff's action is barred by either the one-year limitation period for an action based upon assault, or the two-year limitation for "an action for injury to the rights of another." *See* 12 O.S.1991 §§ 95 (Third) and (Fourth). Both parties have "introduced 'matters outside the pleading' when they submitted briefs tendering factual matters and legal authority in support of their respective positions." *Meadows v. Fain,* 776

P.2d 1270, 1272 (Okla.1989). As a result, each such motion "shall be treated as one for summary judgment." 12 O.S.1991 § 2012(B)(10). The "standard of review to be applied ... will be that standard applied to orders granting motions for summary judgment," namely that:

"summary judgment is appropriate only when review, all inferences and conclusions to be drawn from the underlying facts should be viewed in the light most favorable to the party opposing the motion."

*Meadows,* 776 P.2d at 1272 (citations omitted).

her petition to name twenty-three additional defendants within the two-year limitation period set out in 12 O.S.1991 § 95 (Third). She alleged that on August 17, 1991, her son sustained severe injuries when he was assaulted by an intoxicated juvenile at an unchaperoned party attended by approximately 100 other juveniles. The hosts of the party were members of a "social association called 'The Subcrew'" who constituted twenty of the twenty-three named defendants.

The next friend alleged that at the party "large amounts of alcohol were knowingly served to juveniles in contravention of Oklahoma Law." She sought damages on the grounds that the defendants knowingly hosted the party without adult supervision, that they illegally served alcohol to the minor guests, that they "were aware that [the assailant] was . . . an individual of violent temperament who had on occasions assaulted and injured individuals," and therefore it was foreseeable "that fights and other acts of violence would ensue."

The additional defendants filed motions to dismiss the amended petition because it had been filed without leave of court or the written consent of the original defendant after the defendant had filed a responsive pleading. *See* 12 O.S.1991 § 2015(A).[2]

In a journal entry dated January 4, 1994, the trial court found the amended petition "is a nullity" and dismissed the action *"without prejudice* as to all Defendants, except as to" the originally named defendant.

On February 18, 1994, the emancipated minor filed a new action in his own right naming twenty-one of the twenty-three defendants dismissed from the next friend's action. The theory of recovery and prayer for relief are identical to those asserted in the next friend's dismissed amended petition. In his petition, the emancipated minor recited that:

> The instant action was previously filed, naming, interalia [*sic*], the current defendants, as an amended petition within CJ-92–3659–07 prior to the expiration of the applicable statute of limitations. However, the same was dismissed other than on the merits.

Eighteen of the defendants filed motions[3] seeking dismissal of the action on the grounds that the statute of limitations had run because (1) the plaintiff had not filed his February 18, 1994, independent action within one year of his May 5, 1992, eighteenth birthday;[4] and (2) more than two years had elapsed since the alleged August 17, 1991, incident.[5]

In a journal entry filed June 10, 1994, the trial court granted the defendants' motions and entered judgment in their favor. The plaintiff appeals.

## II

■ The emancipated minor contends, in this matter of first impression, that the dis-

---

**2.** Title 12 O.S.1991 § 2015(A) (amended by Laws 1993, ch. 351, § 3, effective September 1, 1993), states:

> A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty (20) days after it is served. Amendments to add omitted counterclaims or to add or drop parties may be made as a matter of course within the time specified above. *Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party;* and leave shall be freely given when justice so requires. . . . (Emphasis added.)

**3.** From the record before us, it appears that defendants Pendergrass, Tucker and Weichbrodt did not enter an appearance below. Appellee

Onan was dismissed by the appellant August 31, 1994, and appellee Eurton did not respond to the appellant's petition in error.

**4.** Title 12 O.S.1991 § 96, states that "[i]f a person entitled to bring an action . . . be, at the time the cause of action accrued, under any legal disability, every such person shall be entitled to bring such action within one (1) year after such disability shall be removed . . . provided a minor twelve (12) years of age and older must bring such action within one (1) year after attaining majority, but in no event less than two (2) years from the date of inflection of the injury. . . ."

**5.** Title 12 O.S.1991 § 95 (Third), which the parties agree affords the emancipated minor the most generous limitation period, provides that a civil "action for injury to the rights of another, not arising on contract" must be brought within 2 years "after the cause of action shall have accrued. . . ."

missal of his next friend's amended petition was "otherwise than on the merits," and therefore his February 18, 1994, petition was timely filed pursuant to 12 O.S.1991 § 100, within one year of the January 4, 1994, order of dismissal without prejudice.[6]

The defendants argue that the next friend's amended petition did not constitute timely commencement of an action against them, that its dismissal was not a failure otherwise than on the merits, and that, as a result, § 100 is not available to save the emancipated minor's claim, which is now barred by the statute of limitations. They rely on *Hunter v. Echols*, 820 P.2d 450, 453 (Okla.1991), for the proposition that the dismissed amended petition is a "nullity" which must be completely disregarded.

We agree with the defendants. In *Hunter* the plaintiff filed an amended petition but did so without first obtaining leave of court or the written consent of the defendant. He then voluntarily dismissed the amended petition, and filed a second amended petition in the same action *with leave of court*. The *Hunter* defendants sought dismissal of the second amended petition and, citing *Wiley Electric, Inc. v. Brantley*, 760 P.2d 182 (Okla. 1988), argued that because the plaintiff had voluntarily dismissed his first amended petition, "no cause existed in which to file the second amended petition." The trial court agreed and granted the motions to dismiss.

The supreme court reversed and remanded, finding the language of § 2015 unequivocal: "It provides that once a responsive pleading has been served a party may amend a pleading *only* by leave of court or by written consent of the adverse party." *Hunter*, 820 P.2d at 453. The court found that Hunter's first amended petition was a "nullity," and that "the first amended petition and its subsequent dismissal must be treated as if they were never filed because no leave to file was granted," *i.e.*, they "are technically not a part of the record." The court held that the "dismissal filed in response to an invalid amended petition did not result in the dismissal of the cause [and] Hunter properly amended his petition a second time *with approval of the trial court*."[7] *Id.*

Limiting our review, as we must, to the materials actually presented to the trial court *in this action*,[8] it is clear that § 100 is not available to the emancipated minor, and that this action was not timely filed. The mandate of *Hunter*, and its effect on the matter before us, are clear: A pleading filed in violation of § 2015 is "technically not a part of the record" and cannot be considered as a timely commencement of an action, rendering the savings provision of § 100 beyond the reach of the plaintiff. The emancipated minor's February 18, 1994, petition was thus filed outside any available statute of limitations, and the trial court did not err as a matter of law in granting the defendants' motions to dismiss. AFFIRMED.

TAYLOR, P.J., and STUBBLEFIELD, J., concur.

---

6. Title 12 O.S.1991 § 100, provides in relevant part:

> If any action is commenced within due time, and ... if the plaintiff fail in such action otherwise than upon the merits, the plaintiff ... may commence a new action within one (1) year after the ... failure although the time limit for commencing the action shall have expired before the new action is filed.

7. Neither *Hunter* nor the six jurisdictions it cites in support of the "majority" view that "an amended petition filed without leave of court is a nullity," addressed the effect of a flawed pleading on the running of the statute of limitations, or the availability of a savings provision such as § 100. One of the authorities relied upon by

*Hunter* cites a decision holding that when a statute of limitation, or "prescription" as it is called in that state, is involved, "an amended petition filed without leave of court *and served [is] sufficient to interrupt prescription as to the newly added defendant.*" *Carolina Casualty Ins. Co. v. John Day House Movers, Inc.*, 525 So.2d 116, 117 (La.Ct.App.1988) (citing *Anding v. Texas & P. Ry. Co.*, 158 La. 412, 104 So. 190 (1925)). Although *Anding* appears to be relevant to the issue before us, we can find no other application of its holding, and we therefore decline to follow its lead.

8. We sustain the objections of defendants C.D.E., Inc. d/b/a Tenth Street Keg, and James Ethridge to the plaintiff's attempted inclusion of materials filed in the related, but unappealed, next friend's pending action.