ELLIS v. ASCENSION ST. JOHN MEDICAL CENTER
2023 OK CIV APP 16
531 P.3d 665
Case Number: 120524
Decided: 04/14/2023
Mandate Issued: 05/11/2023
DIVISION III
IN THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2023 OK CIV APP 16, 531 P.3d 665

 

ANDREA ELLIS, as Next of Kin of WANDA LILLY, Deceased, Plaintiff/Appellant,
v.
ASCENSION ST. JOHN MEDICAL CENTER, INC., a domestic not for profit corporation d/b/a ASCENSION ST. JOHN BROKEN ARROW; Defendants/Appellees,
and
Tulsa Bone & Joint Associates, PC., a domestic professional corporation; and Scott J. Dunitz, M.D., Defendants.

APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA

HONORABLE KELLY GREENOUGH, TRIAL JUDGE

REVERSED AND REMANDED

Donald E. Smolen, Dustin J. Vanderhoof, SMOLEN LAW, PLLC, Tulsa, Oklahoma, for Plaintiff/Appellant,

Jason C. Rush, Emily Jones Ludiker, RODOLF & TODD, Tulsa, Oklahoma, for Defendants/Appellees.

ROBERT D. BELL, JUDGE:

¶1 Plaintiff/Appellant, Andrea Ellis, as next of kin of Wanda Lilly, Deceased, brought this action against Defendants for medical negligence one day before the expiration of the applicable statute of limitations. Defendant/Appellee, Ascension St. John Medical Center, Inc., a domestic not for profit corporation d/b/a Ascension St. John Broken Arrow12 O.S. 2021 §2015

¶2 Plaintiff filed her original petition for medical negligence against Ascension St. John Medical Center, Inc. d/b/a Ascension St. John Broken Arrow, Tulsa Bone & Joint Associates, P.C. and Scott J. Dunitz, M.D. Ascension St. John Medical Center, Inc. d/b/a Ascension St. John Broken Arrow moved to dismiss the petition asserting Plaintiff failed to name a legal entity. Defendant, Tulsa Bone & Joint Associates, P.C. and Scott J. Dunitz, M.D., entered a special appearance and requested additional time to answer. In an abundance of caution and because it was served summons, St. John Broken Arrow, Inc. filed a non-party motion to dismiss.

¶3 Plaintiff filed an amended petition and properly named Defendant St. John Medical Center, Inc., by its legal name. The amended petition also added the "non-party" St. John Broken Arrow, Inc., as a Defendant. Plaintiff changed the caption of the lawsuit to name, as Defendants: "St. John Broken Arrow, Inc.; St. John Medical Center, Inc.; Tulsa Bone & Joint Associates, P.C., and Scott J. Dunitz, M.D." Plaintiff asserted Defendants' motions to dismiss were moot because she amended the petition to correctly name legal entities as a matter of right under 12 O.S. 2021 §2015

¶4 Defendants moved to dismiss and strike the amended petition alleging Plaintiff's petition was legally invalid pursuant to Hunter v. Echols, 1991 OK 114820 P.2d 450Rules for District Courts, 12 O.S. 2021, Ch. 2, App. 1, and Rule 1.36, Oklahoma Supreme Court Rules, 12 O.S. 2021, Ch. 15, App.1

¶5 This Court reviews a district court's order granting a motion to dismiss de novo. Rogers v. Quiktrip Corp., 2010 OK 3230 P.3d 853Fanning v. Brown, 2004 OK 785 P.3d 841

¶6 On appeal, Plaintiff asserts the district court erred when it struck Plaintiff's amended petition. Title 12 O.S. 2011 §201512 O.S. 2021 §2012i.e. a claim, counterclaim, cross-claim or third-party claim; and a motion raising a defense like Defendant's motion. Similarly, 12 O.S. 2021 §2007

¶7 We also considered Rule 15(a), Federal Rules of Civil Procedure, which mirrors §2015, for further assistance in determining the meaning of a "responsive pleading." "The Oklahoma Pleading Code is based on the Federal Rules of Civil Procedure, and we may look to federal authority for guidance in applying its provisions." Prough v. Edinger, Inc., 1993 OK 130862 P.2d 71Roth v. Mercy Health Ctr., Inc., 2011 OK 2246 P.3d 1079ee Hanraty v. Ostertag, 470 F.2d 1096, 1097 (10th Cir. 1973), and Bridgess v. Youree, 436 F. Supp. 458, 460 (W.D. Okla. 1977).

¶8 The district court cited Hunter v. Echols in support of its determination that St. John Medical Center, Inc.'s motion to dismiss was a responsive pleading under §2015. Hunter does not address whether a motion to dismiss is a responsive pleading under §2015(A). Furthermore, Hunter's facts differ from the facts in the present case. The district court docket sheet in Hunter discloses that the defendant filed an answer before the plaintiff filed his amended petition without first obtaining leave of court or the written consent of the defendant.Hunter is inapplicable.

¶9 We also hold the district court erred when the court determined it did not have jurisdiction over the "non-party" St. John Broken Arrow, Inc. The district court held in this manner because it found Plaintiff's attempt to name this party in the amended petition was ineffective. Because Plaintiff was entitled to amend her petition as a matter of right under §2015(B), we hold Plaintiff was also entitled to amend her petition to add an additional defendant and to have that claim relate back to the original petition's file date if she met the three requirements under 12 O.S. 2021 §2015Pan v. Bane, 2006 OK 57141 P.3d 555Id. at ¶¶10-30.

¶10 Although she mistakenly identified the non-party Defendant in the original lawsuit, Plaintiff served summons upon St. John Broken Arrow, Inc.. Also, St. John Broken Arrow, Inc. had actual notice of the lawsuit as evinced by its "non-party" filing. Thus, St. John Broken Arrow, Inc. cannot claim unfair prejudice by being named as a defendant in this action. It is also apparent that Plaintiff's action against St. John Broken Arrow, Inc. arose out of the same medical negligence occurrence as that stated in the original petition. Based on the foregoing, we hold the three requirements of §2015(C) were met in this case and Plaintiff's claim against St. John Broken Arrow, Inc. relates back to the file date of the original petition.

¶11 We conclude Plaintiff was entitled to file an amended petition as a matter of right under §2015(A); and so, the district court erred in dismissing the amended petition. The district court's order striking the amended petition is reversed.

¶12 REVERSED AND REMANDED.

MITCHELL, C.J., and PRINCE, P.J., concur.

FOOTNOTES

In re M.K.T., 2016 OK 4368 P.3d 771