OSCN Found Document:ELLIS v. ASCENSION ST. JOHN MEDICAL CENTER

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 ELLIS v. ASCENSION ST. JOHN MEDICAL CENTER
2023 OK CIV APP 16
531 P.3d 665
Case Number: 120524
Decided: 04/14/2023
Mandate Issued: 05/11/2023
DIVISION III
IN THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III

Cite as: 2023 OK CIV APP 16, 531 P.3d 665

 

ANDREA ELLIS, as Next of Kin of WANDA LILLY, Deceased, Plaintiff/Appellant,
v.
ASCENSION ST. JOHN MEDICAL CENTER, INC., a domestic not for profit corporation d/b/a ASCENSION ST. JOHN BROKEN ARROW; Defendants/Appellees,
and
Tulsa Bone & Joint Associates, PC., a domestic professional corporation; and Scott J. Dunitz, M.D., Defendants.

APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA

HONORABLE KELLY GREENOUGH, TRIAL JUDGE

REVERSED AND REMANDED

Donald E. Smolen, Dustin J. Vanderhoof, SMOLEN LAW, PLLC, Tulsa, Oklahoma, for Plaintiff/Appellant,

Jason C. Rush, Emily Jones Ludiker, RODOLF & TODD, Tulsa, Oklahoma, for Defendants/Appellees.

ROBERT D. BELL, JUDGE:

¶1 Plaintiff/Appellant, Andrea Ellis, as next of kin of Wanda Lilly, Deceased, brought this action against Defendants for medical negligence one day before the expiration of the applicable statute of limitations. Defendant/Appellee, Ascension St. John Medical Center, Inc., a domestic not for profit corporation d/b/a Ascension St. John Broken Arrow[1], moved to dismiss asserting Plaintiff failed to properly name a legal entity. Defendants, Tulsa Bone & Joint Associates, P.C. and Scott J. Dunitz, M.D., entered a special appearance and requested additional time to answer. St. John Broken Arrow, Inc. filed a non-party motion to dismiss. Before any answer was filed, Plaintiff filed an amended petition and properly named Defendant St. John Medical Center Inc., by its legal name and added the "non-party" St. John Broken Arrow, Inc., as an additional Defendant. Defendants moved to dismiss the amended petition asserting Plaintiff filed the amended petition after Defendants filed "responsive pleadings;" therefore, the amended petition should be stricken because Plaintiff failed to obtain leave of court or Defendants' permission. Plaintiff countered she amended the petition as a matter of right pursuant to 12 O.S. 2021 §2015(A) and §2007(A). The district court dismissed the entity named "Ascension St. John Medical Center, Inc.," holding it is not a legal entity. The court held it did not have jurisdiction over non-party St. John Broken Arrow, Inc. The court also granted Defendants' motions to strike the amended petition holding St. John Medical Center, Inc.'s motion to dismiss was a responsive pleading and either consent of the adverse parties or leave of court to amend was required. Plaintiff dismissed the remaining parties and appealed. We hold motions to dismiss are not responsive pleadings within the meaning of §2015(A). The district court's order striking the amended petition is reversed. The district court's order dismissing Ascension St. John Medical Center, Inc. d/b/a Ascension St. John Broken Arrow is moot. Plaintiff's amended petition properly named St. John Broken Arrow, Inc. as an additional party and Plaintiff's claim against St. John Broken Arrow, Inc. relates back to the file date of the original petition. The court's order determining it did not have jurisdiction over St. John Broken Arrow, Inc. is reversed. This matter is remanded to the district court for further proceedings consistent with this opinion.

¶2 Plaintiff filed her original petition for medical negligence against Ascension St. John Medical Center, Inc. d/b/a Ascension St. John Broken Arrow, Tulsa Bone & Joint Associates, P.C. and Scott J. Dunitz, M.D. Ascension St. John Medical Center, Inc. d/b/a Ascension St. John Broken Arrow moved to dismiss the petition asserting Plaintiff failed to name a legal entity. Defendant, Tulsa Bone & Joint Associates, P.C. and Scott J. Dunitz, M.D., entered a special appearance and requested additional time to answer. In an abundance of caution and because it was served summons, St. John Broken Arrow, Inc. filed a non-party motion to dismiss.

¶3 Plaintiff filed an amended petition and properly named Defendant St. John Medical Center, Inc., by its legal name. The amended petition also added the "non-party" St. John Broken Arrow, Inc., as a Defendant. Plaintiff changed the caption of the lawsuit to name, as Defendants: "St. John Broken Arrow, Inc.; St. John Medical Center, Inc.; Tulsa Bone & Joint Associates, P.C., and Scott J. Dunitz, M.D." Plaintiff asserted Defendants' motions to dismiss were moot because she amended the petition to correctly name legal entities as a matter of right under 12 O.S. 2021 §2015(A) and §2007(A).

¶4 Defendants moved to dismiss and strike the amended petition alleging Plaintiff's petition was legally invalid pursuant to Hunter v. Echols, 1991 OK 114, 820 P.2d 450, because Plaintiff failed to obtain leave of court or Defendants' permission to amend the petition after Defendants filed a motion to dismiss. The district court granted the Defendants' motions to dismiss and motions to strike and held it did not have jurisdiction over the "non-party." Plaintiff dismissed the remaining Defendants and appealed. The matter stands submitted for accelerated appellate review on the trial court record under Rule 4, Rules for District Courts, 12 O.S. 2021, Ch. 2, App. 1, and Rule 1.36, Oklahoma Supreme Court Rules, 12 O.S. 2021, Ch. 15, App.1

¶5 This Court reviews a district court's order granting a motion to dismiss de novo. Rogers v. Quiktrip Corp., 2010 OK 3, ¶4, 230 P.3d 853. Under this standard, this Court has plenary, independent and nondeferential authority to determine whether the trial court erred in its legal ruling. Fanning v. Brown, 2004 OK 7, ¶8, 85 P.3d 841.

¶6 On appeal, Plaintiff asserts the district court erred when it struck Plaintiff's amended petition. Title 12 O.S. 2011 §2015(A) provides a petition may be amended by right at any time before a responsive pleading is served. The question is whether Defendants' motions to dismiss are responsive pleadings. We hold Defendants' motions to dismiss were not responsive pleadings within the meaning of §2015(A). We hold in this manner because 12 O.S. 2021 §2012(B) distinguishes between a "responsive pleading" i.e. a claim, counterclaim, cross-claim or third-party claim; and a motion raising a defense like Defendant's motion. Similarly, 12 O.S. 2021 §2007(A) limits the "pleadings" category to petitions, answers, replies, cross-claims, third-party claims, and counterclaims; whereas, §2007(B) identifies motions.

¶7 We also considered Rule 15(a), Federal Rules of Civil Procedure, which mirrors §2015, for further assistance in determining the meaning of a "responsive pleading." "The Oklahoma Pleading Code is based on the Federal Rules of Civil Procedure, and we may look to federal authority for guidance in applying its provisions." Prough v. Edinger, Inc., 1993 OK 130, ¶6, 862 P.2d 71. This Court may also rely upon federal authorities when they relate to the corresponding sections of Oklahoma's statute. Roth v. Mercy Health Ctr., Inc., 2011 OK 2, ¶13 n.3, 246 P.3d 1079. Under Rule 15(a) of the Federal Rules of Civil Procedure, a motion to dismiss does not constitute a "responsive pleading." See Hanraty v. Ostertag, 470 F.2d 1096, 1097 (10th Cir. 1973), and Bridgess v. Youree, 436 F. Supp. 458, 460 (W.D. Okla. 1977).

¶8 The district court cited Hunter v. Echols in support of its determination that St. John Medical Center, Inc.'s motion to dismiss was a responsive pleading under §2015. Hunter does not address whether a motion to dismiss is a responsive pleading under §2015(A). Furthermore, Hunter's facts differ from the facts in the present case. The district court docket sheet in Hunter discloses that the defendant filed an answer before the plaintiff filed his amended petition without first obtaining leave of court or the written consent of the defendant.[2] In this case, Defendants did not file an answer before Plaintiff filed the amended petition. We hold Hunter is inapplicable.

¶9 We also hold the district court erred when the court determined it did not have jurisdiction over the "non-party" St. John Broken Arrow, Inc. The district court held in this manner because it found Plaintiff's attempt to name this party in the amended petition was ineffective. Because Plaintiff was entitled to amend her petition as a matter of right under §2015(B), we hold Plaintiff was also entitled to amend her petition to add an additional defendant and to have that claim relate back to the original petition's file date if she met the three requirements under 12 O.S. 2021 §2015(C). Pan v. Bane, 2006 OK 57, 141 P.3d 555, explained the three requirements, as follows: first, the claim must involve the same transaction; second, the party to be added must have received timely notice and will not be prejudiced in maintaining a defense; and, third, the party to be added, within the specified time period, knew or should have known that but for the mistake of identity the action would have been brought against it. Id. at ¶¶10-30.

¶10 Although she mistakenly identified the non-party Defendant in the original lawsuit, Plaintiff served summons upon St. John Broken Arrow, Inc.. Also, St. John Broken Arrow, Inc. had actual notice of the lawsuit as evinced by its "non-party" filing. Thus, St. John Broken Arrow, Inc. cannot claim unfair prejudice by being named as a defendant in this action. It is also apparent that Plaintiff's action against St. John Broken Arrow, Inc. arose out of the same medical negligence occurrence as that stated in the original petition. Based on the foregoing, we hold the three requirements of §2015(C) were met in this case and Plaintiff's claim against St. John Broken Arrow, Inc. relates back to the file date of the original petition.

¶11 We conclude Plaintiff was entitled to file an amended petition as a matter of right under §2015(A); and so, the district court erred in dismissing the amended petition. The district court's order striking the amended petition is reversed.

¶12 REVERSED AND REMANDED.

MITCHELL, C.J., and PRINCE, P.J., concur.

FOOTNOTES

[1] We refer to this Defendant by the misnomer stated in the original petition, but this is not Defendant's legal name.

[2] "This Court has the discretion to take judicial notice of the dockets of District Courts." In re M.K.T., 2016 OK 4, ¶64 n.54, 368 P.3d 771.

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1991 OK 114, 820 P.2d 450, 62 OBJ 3415, 
Hunter v. Echols
Discussed

 
1993 OK 130, 862 P.2d 71, 64 OBJ 3094, 
Prough v. Edinger, Inc.
Discussed

 
2004 OK 7, 85 P.3d 841, 
FANNING v. BROWN
Discussed

 
2006 OK 57, 141 P.3d 555, 
PAN v. BANE
Discussed

 
2010 OK 3, 230 P.3d 853, 
ROGERS v. QUIKTRIP CORP.
Discussed

 
2011 OK 2, 246 P.3d 1079, 
ROTH v. MERCY HEALTH CENTER, INC.
Discussed

 
2016 OK 4, 368 P.3d 771, 
IN THE MATTER OF M.K.T.
Discussed

Title 12. Civil Procedure

 
Cite
Name
Level

 
12 O.S. 2007, 
Pleadings Allowed - Form of Motions
Cited

 
12 O.S. 2012, 
Defenses and Objections - When and How Presented - By Pleading or Motion
Cited

 
12 O.S. 2015, 
Amended and Supplemental Pleadings
Discussed at Length

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA